*UTICA,*
*July, 1833.*

Elwell
v.
M'Queen.

---

### ELWELL *vs.* M'QUEEN.

A justice at the trial has a right to *nonsuit* the plaintiff, if in his judgment he fails upon his own showing to make out his case, either on the ground of the incompetency or the insufficiency of his evidence; and a judgment of nonsuit in such a case is no bar to another action for the same cause.

But if the cause be submitted to the justice after hearing proof, and he takes time to make up his judgment, it is not then *in the power of the justice* to nonsuit the plaintiff; his determination is equivalent to the verdict of a jury and a judgment thereon; and though *he may call his judgment a judgment of nonsuit,* and enter it accordingly, it will be deemed in law a judgment for the defendant, and will be *a bar to a subsequent action.*

ERROR from the superior court of the city of New-York. M'Queen sued Elwell in a justice's court of the city of New-York, and declared against him in *assumpsit,* for money paid.

The defendant pleaded *non-assumpsit* and a *former suit,* before the same justice, between the same parties, for the same cause of action in which the merits of the plaintiff's demand had been fairly entered into and investigated, and finally submitted to the justice, who took time for consideration to give judgment, and that the justice did within four days *enter judgment,* or *ought so to have done.* The former suit was pleaded in various forms : in one of the pleas it was stated that the judgment rendered in such suit was, that the plaintiff *go thereof without day.* The plaintiff replied, taking issue upon the special pleas. The suit was commenced in *July,* 1831. On the trial, after the plaintiff had produced testimony and rested, the defendant produced a *certificate* duly authenticated, of the justice before whom the trial was had, of a suit by the same plaintiff against the same defendant, in which the summons was returnable in *May,* 1831, and in which the plaintiff declared on the common counts for money lent, &c. and the defendant pleaded *non-assumpsit ;* the certificate further stated, that on the day to which the trial was adjourned, the parties appeared, and a witness was called and examined on the part of the plaintiff, and cross-examined by the defendant ; that the parties left court, and the "*court took four days to consider their judgment, and at the end of the four days, judgment of nonsuit was rendered by this court.*" The defendant also proved that the claim of the plaintiff in the cause set forth in the *certificate,* was the same as that now insisted upon, and was supported by the same evidence. The cause was then submitted by the justice to a jury, who had been empannelled to try the same, who found a verdict in favor of the *plaintiff* for $24, on which the justice rendered judgment. The defendant sued out a *certiorari,* removing the cause into the superior court of the city of New-York, where the judgment of the justice's court was *affirmed.* The defendant then sued out a *writ of error,* removing the record into this court.

*J. W. Gerard,* for plaintiff in error.

*R. Mott,* for defendant in error.

UTICA,
July, 1833.

Elwell
v.
M'Queen.

*By the Court,* SUTHERLAND, J. The only question upon the merits is whether the former suit and judgment were a bar to this suit. In *Monnell* v. *Weller,* 2 *Johns. R.* 8, the plaintiff was nonsuited *upon the trial* by the justice, for a variance between his proof and the declaration, but no costs were awarded against him. Upon certiorari brought to reverse this judgment, the court held, that although the nonsuit was improperly granted, yet, as no costs were adjudged against the plaintiff, and the court could not restore the party to the state he was in when the nonsuit took place, they would not interfere, as it was apparent that the only object in bringing the certiorari was to throw a bill of costs on the defendant; and they remark that the judgment was incomplete, and incapable of reversal or affirmance, and therefore they give no judgment. In *Felter* v. *Mulliner,* 2 *Johns. R.* 181, the defendant pleaded a former judgment in his favor, for the same cause of action before another justice. Upon the trial, the evidence of the former judgment was, that the jury returned *no cause of action,* and that no judgment was rendered thereon. This court, upon certiorari, held the verdict equivalent *to a verdict for the defendant.* They say the issue was found against the plaintiff, and though the verdict was informal, *the justice ought to have entered it according to the substantial finding; the justice was bound to render a judgment thereon according to the finding,* and his omission to do so did not prevent it from being a bar to a new trial. In *Hess* v. *Beekman,* 11 *Johns. R.* 457, it was held that where there is a trial of a case before a justice without a jury, the plaintiff may elect to become nonsuit at any time before the cause is finally submitted for the judgment of the court; but after it is so submitted and under advisement, he cannot become nonsuit, though, before the four days which the justice has taken to give judgment have elapsed. The court say the statute is *imperative;* that after hearing and examining the proofs and allegations of the parties, the justice within four days shall give judgment thereon. During the four days, while the cause is under advisement, the justice ought to hold no communication with either of the parties; they are not in court for any purpose but to receive judgment.

In reviewing the proceedings of justices' courts, the substance, and not the form; the thing itself, and not the name by which it may be called, is regarded. A justice *at the trial* has a right to nonsuit the plaintiff, if, in his judgment, he fails upon his own showing to make out his case, either on the ground of the incompetency or the insufficiency of his evidence; and a judgment of nonsuit in such a case is no bar to another action for the same cause. 10 *Johns. R.* 364. 12 *id.* 299. But after a cause is once submitted to a jury, the justice cannot withdraw it from them, and nonsuit the plaintiff, 3 *Johns. R.* 430; but the plaintiff may himself submit to a nonsuit at any time before the jury render their verdict, 5 *Johns. R.* 346; or if he does not appear, on being called, upon the coming in of the jury the verdict cannot be received, and the justice must give a judgment of nonsuit against him. In all such cases, the plaintiff may bring a new action. But if the verdict of the jury be rendered, it disposes of the case upon its merits, and the subject matter cannot again be tried, unless the verdict is so informal that no legal effect can possibly be given to it. It will, if possible, be considered a general verdict, either for the plaintiff or defendant upon the merits, and judgment will be rendered accordingly; and such verdict and judgment will be a bar to any future action. 2 *Johns. R.* 181. So, if no jury be called, and the cause be submitted to the justice, and he take time to make up his judgment, the plaintiff cannot then voluntarily submit to a nonsuit. The cause is *sub judice upon the merits*, and must be disposed of upon the merits, and I apprehend it is not then in the power of the justice to nonsuit the plaintiff. His determination of the case is equivalent to a verdict of a jury and a judgment thereon; and although he may call his judgment a judgment of nonsuit, and enter it accordingly, if the record or minutes of the trial show that it was rendered after the cause was submitted to him, and after he took time to deliberate, and not *at the trial*, it will be considered a judgment for the defendant, and will be a bar to any subsequent action.

In *Brintnall* v. *Foster*, 7 *Wendell*, 103, it was held that where the docket of the justice's judgment merely showed that *judgment of nonsuit had been entered*, it was not competent to show

UTICA,
July, 1833.

by parol evidence that the cause was heard and decided upon its merits, after the justice took time for consideration. That difficulty does not exist in this case, for that fact appears on the face of the record or minutes of the judgment. But in that case, it is expressly admitted that where a cause is submitted to the justice, and he takes time to make up his judgment, he cannot render a judgment of nonsuit. All that the case of *Monnell* v. *Weller*, above referred to, decides, is, that where a justice improperly nonsuits a plaintiff *on the trial*, but awards no costs against him, this court will neither reverse nor affirm the judgment; and the reason is, that if the nonsuit was improperly granted, the reversal of the judgment will not restore the party to the state he was in when the nonsuit took place, as it would had the nonsuit taken place in a court of record. The case of *Lovell* v. *Evertson*, 11 *Johns. R.* 52, shows that error will lie on a judgment of nonsuit in a court of record, though no costs are awarded against the plaintiff. But for the reasons which have been assigned, the former judgment pleaded in this case, though *called* a judgment of nonsuit, was, in judgment of law, a judgment for the defendant on the merits, and should have been held a bar to the present action.

I think, therefore, that the judgment of the superior court, and also the justice's court, was erroneous, and ought to be reversed.