JOHN TEAZ v. DAVID CHRYSTIE and THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

Where, in an action under the mechanics' lien law of 1851, brought by a material man against the owner and the contractor, the Marine Court, after proofs had been given by all the parties, and the cause finally submitted, gave judgment for the defendants on the ground that the plaintiff—having received for his claim the promissory note of the contractor, and having transferred the note for value to a third party—had not shown, by payment to the endorsee or otherwise, that he had become re-invested with a title to the debt; *held*, that the proper form of the judgment was judgment final on the whole case, and not judgment of nonsuit.

Under such circumstances, a general judgment for the defendant is the same in effect as a decree that the bill be dismissed, under the former practice in equity.

An appeal, once determined, will not be reheard by reason of a misconception of fact on the hearing not affecting the decision.

Unless a judgment in one of the lower courts is obtained by default, this court can only reverse for error.

So held, where, from an affidavit produced on a motion for the rehearing of an appeal, it appeared that facts existed which, if proven, would have entitled the appellant to judgment, and that his counsel had omitted to put them in evidence under a misconception of their materiality.

GENERAL TERM, OCTOBER, 1855.

MOTION for a rehearing of the appeal in this cause, which was decided at the July General Term, 1855. The facts of the case, as disclosed prior to this application, are stated in the report of the decision, *ante*, p. 621.

The action was brought in the Marine Court, to foreclose a lien, under the act of July 11, 1851, for the value of work and materials furnished to a contractor, in conformity with the latter's contract with the owner of a building. The principal defence was, that the claimant had taken, for the amount of his claim, two promissory notes of the contractor, and had received the amount thereof from third persons, to whom he had endorsed and passed them away. It was admitted, at the trial, that the endorsees had judgments upon

the notes against the contractor, which remained unsatisfied and unpaid.

The plaintiff tendered the notes in court to be canceled, but the justice gave judgment against him, which was affirmed in this court, on the ground that the claimant had produced no evidence that, since his transfer of the notes, he had become re-invested with a title to the claim, either by an assignment to him of the judgments into which the notes had become merged, or by any repurchase of the debt, by payment to the endorsees or otherwise.

The present motion was made at a general term, and arose upon an order to show cause, founded upon an affidavit of the claimant, stating, that at the time of the trial he was the sole owner of the claim; that but one of the notes had been put in judgment; that the plaintiff had "taken them both up" from the holders; that he was entitled to an assignment of the judgment, but had neglected to obtain it, under the supposition that its possession would be unnecessary in a proceeding to enforce his lien against the owners, after their payment of the contractor's moneys, held by them, to his assignees, subsequently to the filing of the lien. The affidavit further represented, that the finding of the court below was not "a judgment of nonsuit or dismissal," but a judgment final. It was insisted that the judgment was, therefore, erroneous in form, and that this court had misconceived the nature of the judgment rendered by the justice.

*William R. Stafford*, for the motion, argued the following points:

I. The court will always grant a rehearing if the decision arose upon a misconception of the facts. The foreclosure of a lien being an equitable proceeding, will be governed by the practice in equity suits.

II. The judgment below should have been one of nonsuit. Being for the defendants absolutely, it should have been reversed, and a new trial ordered on that ground alone.

III. If such course had been adopted, the nonsuit could not have been pleaded in bar. (3 Hill, 323 ; 10 Johns. 363.) The cause would have continued over on the same notice of foreclosure. Thus, the objection in *Sullivan* v. *Brewster*, (1 E. D. Smith's Rep. 681,) could not have arisen. That objection is premature, however, on this motion. It is sufficient to consider that upon a new trial.

IV. The defendant, Chrystie, could not have been affected by a judgment in this action in the plaintiff's favor. The remedy sought was against The Mayor, &c. The plaintiff's affidavit shows the reason of his mistake, and presents a strong reason in equity for a new trial. This equitable ground will excuse his taking the strict technical objection at common law that the judgment should be reversed for error in form.

*Abraham R. Lawrence, Jr.*, and *Robert J. Dillon*, (counsel to the corporation,) for The Mayor, &c., and *William McDermot*, for the contractor, opposed.

By THE COURT. WOODRUFF, J.—It would seem, from the language of the opinion given in the hearing of the appeal herein, that it was written under the belief that the judgment rendered in the court below was a judgment that the complaint be dismissed, when, in truth, the judgment there rendered was a judgment for the defendant, on the merits.

It is upon this supposed misconception of the nature of the judgment, that we are now asked to rehear the appeal.

It is quite obvious, that if, under the principles which governed the decision, the judgment for the defendants was correct, then no reason exists for a reversal, and no advantage could result from a rehearing.

1st. So far as the judgment in proceedings to foreclose mechanics' liens is to be rendered, like similar judgments in equity, a decree for the defendant is in substance and effect, as it was under our old system in form, a decree that the bill be dismissed, with costs.

2d. When a cause is finally submitted to the court below on proofs submitted on both sides, the proper judgment is a final judgment for the plaintiff or for the defendant. It was formerly denied that a justice had any power to order a non-suit after the cause had been finally submitted upon the proofs, (*Elwell* v. *McGiven,* 10 Wend. 519,) and that a judgment in that form was in legal effect a judgment final for the defendant. (See numerous cases cited in the opinion of the court in that case.)

I think, therefore, there was no error in the court below in ordering judgment for the defendants upon the whole case.

The affidavit submitted as the ground of the present motion, shows that the trial was conducted on the part of the plaintiff, under a misapprehension of what we deem the rule of law regarding the plaintiff's right to recover, without showing that he was in some manner re-invested with the title to the claim; and the affidavit warrants the belief that on another trial the plaintiff might produce proofs which would entitle him to recover.

If we had a discretionary control over judgments in the Marine Court, with power to order a new trial whenever we believed the ends of justice would be promoted by it, we might, with propriety, hear the parties on that question.

But the legislature have not conferred upon us any such discretion. Unless the judgment was obtained by default, we can only reverse for error, and though we may regret that the plaintiff did not produce further proofs on the trial there, we do not perceive how it is in our power to relieve him.

I think we are compelled to deny the motion, but as the language of the opinion pronounced by the court has led the plaintiff to submit his motion, the motion should be denied without costs to either party.

Motion denied, without costs.