Daly, Ch. J.
After a cause is submitted to a justice for his final decision, it is no longer in the power of the plaintiff to submit to a nonsuit, or in the power of the justice to grant one. The cause, having been tried,, is submitted for a final disposition upon the merits, and no other disposition of it can be made. If the justice, after that, enters an order which he calls a nonsuit, it will be regarded as a judgment for the defendant, and will be a bar to another action for the same cause,- or of any action for another trial of the same question between the same parties ; and in the application of this *15 rule it makes no difference whether it was in a formal action or in summary proceedings (Elwell v. McQueen, 10 Wend., 521; Peters v. Diossy, 3 E. D. Smith, 115; Demarest v. Darg, 32 N. Y., 290; White v. Coatsworth, 6 Id. [2 Seld.], 137).
In this case the matter in controversy was Med upon • the merits, and was submitted to the justice for his decision. He did not pass upon the merits, but, as he testifies, after he had the case under advisement to make up his judgment, the counsel for the landlord appeared before him, and moved to discontinue the proceedings, and the justice, without any notice or intimation to the defendant or his counsel, discontinued the proceedings, as he says, and made an entry that they were discontinued, upon the motion of the attorney for the landlord.
This he had no power to do. It is said in Hess v. Beekman (11 Johns., 457), that “while the cause is under advisement, the justice ought to hold no communication with either of the parties;” that “they are not in court for any purpose except to receive judgment.”
The case having been tried and submitted, the defendant has a right to have the matter decided, the demisión or judgment, if in his favor, being a bar to any further suit or proceeding against him for the same cause, and of this right he cannot be deprived by the justice discontinuing the proceeding, -whether upon his own motion or upon the request of the plaintiff.
The act of the justice in discontinuing is and can only be treated as a decision in favor of the defendant, which, however informal or imperfect it may be, is and must be a bar to any further suit or proceeding for the same 'matter. If this were not the conclusion, and it were held that the proceeding was not discontinued by the act of the plaintiff and the justice, after the matter in controyersy between the parties had been tried and submitted to the justice for a final decision, it would be equivalent to contradicting what has been repeatedly *16 held, that a nonsuit can not be granted after the cause has been submitted to the justice or to the jury, and that if a judgment of nonsuit is afterwards rendered, either by the .justice or upon the verdict of the jury, it is equivalent to a judgment for the defendant upon the merits, and, will be so regarded (Felter v. Mulliner, 2 Johns., 181; Hess v. Beekman, 11 Id., 457; Young v. Hubbell, 3 Id., 430; Platt v. Storer, 5 Id., 346; Elwell v. McQueen, 10 Wend., 519; Peters v. Diossy, 3 E. D. Smith, 115).
When the case is submitted upon summary proceed-, ings, there must be an. adjudication, for the only power of review is upon a certiorari, to be awarded by the su-. preme court; and by the statute the certiorari is for the examination of any adjudication made upon any appli-. cation authorized by the act providing for summary proceedings (2 Rev. Stat., 516, § 47). . If th¿- matter put in issue by the affidavit denying the facts upon-which the summons issued, has been _tried_and sub-, mitted, and the justice afterwards makes any final disposition of the case other than granting the warrant to dispossess, it is an adjudication in favor of the defend-ant, to which the maxim applies, nemo bis debetvexari pro eadem causa, as fully ,as to any formal decision or j ndgment for the defendant.
Judgment will accordingly be rendered for the defendant.