M. M. FLESH ET AL., Respondents, v. JACOB CHRISTOPHER, Appellant.

February 28, 1882.

1. A justice's docket-entry which shows the dismissal of the case after it is taken under advisement, is incompetent as evidence of a former judgment in bar of a second action, though accompanied with an offer to show by oral testimony that the decision was on the merits, and involved the same issues as the second action.

2. Where, on trial anew in the circuit court, it appears that the finding of the justice was necessarily decisive against a counter-claim which applies to the transaction out of which arose the plaintiff's claim, and which is in excess thereof, the judgment will not be reversed because there was no special finding upon the counter-claim.

3. In the absence of any evidence as to the general powers of an architect, it will be assumed that he has the power, as agent of the owner, to waive the right of the owner to make a reclamation for work omitted to be done by the contractor.

4. An appellate court must, where material error to the prejudice of the appellant has been committed, remand the cause, however insignificant the sum in controversy.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Reversed and remanded.*

KLEIN & FISSE, for the appellant: Parol proof was properly admissible to show what was actually in controversy between the parties before Justice Cunningham, and the grounds on which his judgment was rendered.

This is expressly so held in — *Doty* v. *Brown*, 4 Comst. 71, 75 ; *Bottorff* v. *Wise*, 53 Ind. 32, 35 ; *Sturtevant* v. *Randall*, 53 Me. 149, 154. " In proceedings in justices' courts forms are disregarded, and it is not expected that entries should be made with the accuracy and precision which are required in recording the acts of courts of record." — *Fraude* v. *Owens*, 25 Mo. 329, 334 ; *Morse* v. *Brownfield*, 27 Mo. 224 ; *Hazeltine* v. *Rensch*, 51 Mo. 50 ; *Flanagan* v. *Hutchinson*, 47 Mo. 237. There should have been a finding upon the counter-claim. — *Jones* v. *Snedecor*, 3 Mo. 390 ; *Pratt* v. *Rogers*, 5 Mo. 51. Where the jury have not rendered a distinct verdict on a claim set up by the defendant in reconvention, the case will be remanded for a new trial. — *Collins* v. *Graves*, 13 La. An. 95 ; *Schweickhardt* v. *St. Louis*, 2 Mo. App. 571 ; *Danaher* v. *Ward*, 40 Mich. 300. Under the facts of this case, there can be no doubt that the defendant's claim is properly presented as a counter-claim. — *Hay* v. *Short*, 49 Mo. 139 ; *McAdow* v. *Ross*, 53 Mo. 199 ; *Ritchie* v. *Haywood*, 71 Mo. 560.

FINKELNBURG & RASSIEUR, for the respondents : Counter-claims cannot be filed before a justice of the peace. His jurisdiction is limited to set-off. — Rev. Stats., sects. 2916, 2917. Set-off applies to mutual debts, and they must be liquidated. — Rev. Stats., sect. 3867 ; *Johnson* v. *Johnson*, 16 Mo. 494 ; *The State* v. *Elbridge*, 65 Mo. 584 ; *Green* v. *Barrel Co.*, 1 Mo. App. 202. It differs from a counter-claim, which is much broader. — Rev. Stats., sect. 3522 ; *Gordon* v. *Bruner*, 49 Mo. 57 ; *McAdow* v. *Ross*, 53 Mo. 199.

BAKEWELL, J., delivered the opinion of the court.

This action was begun before a justice of the peace for a balance claimed to be due for painting and glazing defendant's house, under a written contract. The amount claimed was $5.30. On appeal and trial anew in the circuit court the judgment was for plaintiffs.

The itemized account filed with the justice was as follows: —

1877.

Sept. 22.  To painting, graining, and glazing residence,
                as per contract . . . . . . . . . .   $682 00
Oct. 31.   Extra work, painting on wire fence  . . .      3 30
                                                       _____
                                                       $685 30
Sept. 13.  By cash on account . . . . .  $400 00
Sept. 28.  By cash on account . . . . .   250 00
Nov. 30.   By allowance    . . . . . .    30 00 — 680 00
                                                       _____
                Balance due   . . . . . . . . . .   $5 30

Defendant filed before the justice, as a counter-claim, the following account: —

" For omitting to paint and glaze two windows in defendant's house, which, by your contract, you were required to paint and glaze   . . . . . . . .  $14  00 "

There is a great conflict of testimony.

Plaintiffs entered into a contract to paint and glaze defendant's house according to plans and specifications, for $682.  Beinke was the architect and superintendent employed by defendant in the erection of the house.  Plaintiffs received several payments on account, on the orders of Beinke.  Two windows were, in building the house, omitted from the original plan.  When plaintiffs, having, as they claimed, completed the work, presented their final bill to Beinke for approval, Beinke insisted that the windows omitted from the house must be deducted.  There was evidence on the part of defendants that it was a custom of the trade not to charge for work omitted, during the progress of the building, from the original plan.  The painting and glazing of the windows would have been $14.  The bill as presented showed a balance due of $35.30.  Flesh claimed that he had done extra work  and, according to his

testimony, it was then agreed between him and Beinke that the extra work should be paired off against the work omitted on the windows. Beinke denies that there was any such conversation. Beinke approved the bill in writing for the balance claimed, of $35.30. Flesh presented the bill so approved to Christopher, who reminded Flesh that he had himself selected and paid for two lights, with which he was charged in the bill. This, Flesh admitted to be an error, and $30 was deducted, leaving the bill as it was filed before the justice, the balance being $5.30, which Flesh swears defendant then and often since promised to pay. Defendant denies that any such promise was made.

The court gave the following instructions at the instance of plaintiffs : —

" 1. If the jury believe from the evidence that plaintiffs were at all times ready to paint and glaze the two windows mentioned in defendant's counter-claim, but that they did not or could not paint or glaze the same, because said windows were altogether left out of the building by the defendant himself, or his architect and builders, without any fault on part of plaintiffs, then defendant cannot recover on his counter-claim.

" 2. If the jury believe from the evidence that plaintiffs did extra work upon the house of defendant not charged for in the account sued on, that after the completion of the work plaintiffs and the superintendent and architect of defendant agreed that plaintiffs would make no extra charge for such extra work, in consideration whereof defendant would make no deduction on account of the two windows which were not painted and glazed, then defendant is not entitled to recover on his counter-claim.

" 3. If the jury believe from the evidence that plaintiffs did the work embraced in the account sued on, that the balance claimed on account of the original contract still remains unpaid, and that the painting of the wire fence is

reasonably worth the amount charged therefor, then the jury will find for plaintiffs in the amount claimed in their account, with interest from October 4, 1878."

For defendant the court gave the following instructions :

" 1. If the jury finds and believes from the evidence that by agreement between plaintiffs and defendant the painting and glazing of two windows included in the contract as part of the work to be done by said plaintiffs on defendant's house were omitted, and if the jury further finds that the reasonable value of said work and materials so omitted was to be deducted from the contract-price, then in arriving at a verdict the jury must give the defendant credit against plaintiffs for the value of said work and materials, and if said value exceeds the sum of $5.30, the jury should find for the defendant.

" 2. If the jury finds from the evidence that there was a custom in relation to omitted work, as indicated in the other instructions of the court, and that two windows were omitted from the house which were included in the contract between plaintiffs and defendant, then the jury should find for the defendant on his counter-claim such sum as they may find from the evidence was the reasonable value of such two windows.

" 3. ·The court instructs the jury, that if the jury believes from the evidence that at the time of the making of the contract for the painting and glazing of defendant's house there was a general and well-understood custom and rule among builders, architects, and painters, that the value of work included in the contract but omitted in the erection or finishing of a house is to be deducted from the contract-price of said work, then such custom and rule enters into and forms a part of the contract between the parties, with the same effect as if the same were inserted specifically therein."

1. When this case was here before, the judgment of the circuit court, which was then for defendant, was reversed,

on the ground that a transcript of proceedings before a justice had been improperly admitted on the trial. Before commencing this action plaintiff had filed the same claim, and defendant the same counter-claim, before another justice. It appeared from the docket entries, that after taking the case under advisement, that justice dismissed plaintiff's cause of action, and permitted defendant to withdraw his set-off. This transcript was again offered in evidence on the trial now under consideration, and, in connection with it, defendant offered to show by oral testimony that that case involved the same matters in issue here, and that the decision was on the merits. All this testimony was excluded by the trial court. The trial court only followed the former ruling of this court in excluding all this testimony. We have already said that the transcript showed that there was no such judgment as was a bar to the present action. *Flesh* v. *Christopher*, 9 Mo. App. 573. Appellant contends that the oral evidence now offered tended to prove that the judgment dismissing the cause was on the merits, that that judgment was irregular, and that, under the circumstances, the justice ought to have rendered a judgment for defendant. A judgment dismissing plaintiff's cause of action is, he says, a judgment of non-suit, and, after submission, judgment of non-suit cannot be rendered by a justice of the peace without consent; but wherever a hearing has been had, and no issue is found in favor of plaintiff, judgment shall be rendered for defendant, with costs; and the justice is directed by the statute to enter judgment within three days after the submission. Wag. Stats., p. 833, sect. 21; p. 838, sects. 7–9. The case, however, is not one of a mere informality, which in case of proceedings before a justice, may be supplied, — as, where there is an entry of a verdict, but no entry of judgment upon the verdict.

A judgment was rendered by the justice; but it was merely a judgment for costs, and not a final judgment from

which an appeal could lie. There was no determination of the cause. Appellant insists that there ought to have been such a determination by the justice, but the fact remains that there was not.

2. It is claimed that the judgment must be reversed because there was a counter-claim, and there is no finding as to the counter-claim. The statute regulating practice before justices of the peace does not expressly authorize the filing of any counter-claim which is not of the nature of a set-off. And when set-off or recoupment is pleaded before a justice, if there is a finding for the plaintiff for the whole amount claimed by him, there is no necessity for any special finding as to the set-off. Rev. Stats., sect. 2919.

If, as appellant contends, the statement filed by respondent was really the statement of a counter-claim, not of the nature of recoupment or set-off, and, for this reason, the justice had no jurisdiction over it, then it is immaterial that there was no special finding as to it. But it is quite immaterial what it is called. The question is, what this counter-statement really was. It is evident that it applies to the very affair from which the principal demand arose, and is in the nature of a recoupment. It cuts back on plaintiff's claim. Plaintiff says: You owe me a balance of $2 on this contract, because I have done all the work according to contract: the contract-price was $682, and you have paid me only $680. No, says defendant; I have paid you $680; but I have overpaid you, because two windows, which by contract you were to paint, were omitted from the building. It was worth $14 to paint them, and, by the custom of the trade, I was entitled to retain this much from the contract-price. You really, therefore, owe me on the transaction, not I you. This is not setting up a liquidated indebtedness growing out of an independent transaction that would be a set-off. Both set-off and recoupment come under the general denomination of counter-claim, which is but a name given to the way in which the right of set-off and re-

coupment, once wholly unknown to common-law procedure, has been still further extended by the code of practice in New York and other states, including our own. Every set-off and effort to recoup is a counter-claim, though every counter-claim under the code need not now be set-off or recoupment. The code provisions apply to cases originating in the circuit court, and are not extended to cases originating before a justice. There may be counter-claims, therefore, which cannot be set up in a case originating before a justice of the peace. How far a claim to recoup, where one is sued on a contract before a justice, may be made available, where the cut back is so large as to swallow up plaintiff's counter-claim, and constitute a cross-claim on behalf of defendant against plaintiff, we need not examine. It is enough that from the evidence in this case, it is clear that the finding in this case was necessarily decisive against the counter-claim also, and we do not think that the failure to find specially as to it, is sufficient ground to reverse the judgment.

3. Appellant claims that it was error to admit testimony as to extra work, since the statement of plaintiff made no claim for extra work, and there was no notice of any such issue. There are no formal pleadings before a justice. An issue was made at the trial, as to whether or not the superintendent and architect of the building agreed that certain work done was outside of the contract, and that if plaintiff would waive all claim for such work, defendant would waive the right, that he asserted, under a custom of the trade, to deduct from the contract-price the value, at contract-prices, of the painting and glazing of two windows that were omitted in the erection of the building. Appellant alleges that there is no evidence that Beinke had any authority to make any such agreement for him, and on this ground the testimony was objected to when offered. There is no evidence of ratification. The instructions given assume authority in this agent to make the agreement in question.

Where the owner may lawfully make a reclamation for omitted work, we do not know that it is within the implied powers of an architect and superintendent to waive this right for him. The architect — *qua* architect — is not the general agent of his employer to bind him in regard to all matters relating to the erection of the building which he is employed to superintend. In the absence of any evidence defining the general powers of the architect and superintendent of a building, we think this objection to the evidence should have been sustained ; and, as the matter is material, the judgment must be reversed on this ground.

4. The instructions given are contradictory and misleading. But this is so obvious on carefully reading them, that we hardly think it worth while to comment upon them at length. The jury are told that, if plaintiff could not paint the two windows because they were omitted from the building, defendant cannot recover on his counter-claim ; and also, that, if there was a custom as to omitted work, and the windows were omitted, the jury should find for defendant on his counter-claim.

It would have been better for the litigants' and the public if the law were so that no appeal would lie from the decision of the circuit court in a case like this. It has been tried four times, and has been twice in this court. The amount in controversy is $5 ; the cost of these trials, if we include the time of all the officers of the several courts, and the delay of public business, must have been several hundred dollars. The question now becomes important to the parties in a money point of view, because the costs which must fall upon the losing party, must now be very heavy. We believe that the learned and reputable counsel who represent the litigants regret the protraction of the litigation. The case may serve at least as a warning to the litigants themselves and to others. We are asked to put an end to the matter here. But this is impossible. Believing, after careful consideration, that error prejudicial to

appellant has been committed, we have no other course
to pursue than that of remanding the cause for another
trial.

The judgment is reversed and the cause is remanded.
Judge LEWIS is absent; Judge THOMPSON concurs.