C. R. MUMMA, Defendant in Error, v. HENRY J. STAUDTE, Plaintiff in Error.

Kansas City Court of Appeals, May 20, 1889.

Former Adjudication: DISMISSAL BY JUSTICE, NO BAR. A judgment of dismissal by a justice of the peace entered at the request of the plaintiff after the trial, and while the justice has the case under advisement, will not operate as a bar to another suit between the same parties for the same cause of action.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

Statement of the case by the court.

This is an action for breach of contract originally instituted and tried before W. B. Teasdale, justice of the peace in Jackson county.

Defendant alleged in his answer filed before the justice that the same cause of action had before been tried and determined before A. W. Allen, justice of the peace in the same county. The reply denied the fact stated in the answer. The justice on this issue found for the plaintiff. The defendant appealed to the circuit

court, and there set out in an amended answer the same facts in almost the same words, which facts were again denied by the plaintiff. The case was tried before a jury, who, under the instructions of the court, rendered a verdict for the plaintiff. The defendant brings the cause here on a writ of error.

Evidence was adduced at the trial in the circuit court tending to support plaintiff's claim, and in addition to his testimony in defense on the merits, defendant put in evidence the record of Allen, J. P., to show a former adjudication of the same case, as follows:

"C. R. Mumma
         *vs.*
"Henry Staudte.

"Statement—$150. Filed June 17, 1885, by plaintiff's attorney.

"Statement against defendant in amount of $150. Summons issued to the constable of Kaw township, returnable June 29, 1885. Summons returned duly served. June 29, 1885, come the parties in this case ; cause having been submitted to the justice and the evidence heard, as well as the arguments of counsel, case is taken under advisement. July 1, 1885, plaintiff—dismissed— pays costs.

"(Signed)         A. W. ALLEN, J. P."

Transcript, page 29.

Further evidence showed unquestionably the matter in suit before Allen to be the same as that in the present case.

*E. C. Mapledoram,* for plaintiff in error.

(1) The court erred in giving instruction number 1 at the request of defendant in error. R. S. Mo. 1879, secs. 2991, 3556. *Hesse v. Ins. Co.,* 21 Mo. 96, 97. (2) The court erred in giving instructions 2 and 3 asked for by

defendant in error. *Ely v. Railroad*, 77 Mo. 34. (3) The court erred in refusing instruction number 4 asked for by plaintiff in error. *Spiva v. Coal & M. Co.*, 88 Mo. 69. (4) The court erred in refusing instruction number 5 asked for by plaintiff in error. *Wilson v. Railroad*, 87 Mo. 431. (5) The court erred in giving of its own motion instruction number 5.

*Scarritt & Scarritt*, for defendant in error.

(1) Instruction number 1, given at request of defendant in error, is the converse of instruction 5, asked, and instruction 6 given on behalf of plaintiff in error. Plaintiff in error did not complain, in his motion for new trial, of the giving of this instruction, and, therefore, can not be heard first to complain here. *Klosterman v. Ins. Co.*, 6. Mo. App. 582. (2) Instructions numbers 2 and 3, given for defendant in error, correctly declare the law in reference to the facts stated in the petition and proved by the evidence. *Park v. Kitchen*, 1 Mo. App. 357; *Pond v. Wyman*, 15 Mo. 126; *Nearns v. Harbert*, 25 Mo. 352. (3) Instruction. number 5, requested by plaintiff in error, was given by the court after substituting for the clause, "before a court of competent jurisdiction been duly tried and determined," the clause, "been tried and determined before A. W. Allen, J. P." (4) It devolves upon the defendant to prove the facts relied upon in his answer; the issue was properly submitted in the instructions given; hence it was no error for the court to refuse to declare that defendant had established the facts relied upon by him and to take the case from the jury. *Spurlock v. Railroad*, 76 Mo. 67; *State ex rel. v. James*, 82 Mo. 509. (5) The proceeding before Allen, J. P., was no bar to this suit. There was no final judgment therein. Indeed, there was no determination of that cause. *Flesh v. Christopher*, 11 Mo. App. 483; *Flesh v. Christopher*, 9 Mo. App. 573; *Ellinton v. Crockett*, 13 Mo. 72; *Block v. Dorman*, 51 Mo. 31.

GILL J.—The controlling question in this case is : Will a judgment of dismissal by a justice of the peace, entered at the request of the plaintiff and after the trial, and while the justice has the case under advisement, operate as a bar to another suit between the same parties for the same cause of action ?

Upon the following adjudications in this state we answer the proposition in the negative : *Schmidt v. Halle*, 15 Mo. App. 36; *Flesh v. Christopher*, 11 Mo. App. 483; and *Same v. Same*, 9 Mo. App. 573. The cases cited by defendant's counsel from the courts of New York are in direct conflict with the ruling in this state, and sustain the position of defendant's counsel. Yet for the reasons expressed by the St. Louis court of appeals in *Schmidt v. Halle, supra*, we adopt its ruling, and hold the proceedings and judgment before Allen, J. P., no bar to the present action. In the matter of instructions no error was committed to the prejudice of the defendant. Judgment affirmed. All concur.