JOSEPH M. GREEN, Appellant, v. JOHN W. BEEBE, Respondent.

Kansas City Court of Appeals, January 6, 1890.

*Rehearing denied, March 1, 1890.*

1. Justices' Court : COUNTER-CLAIM.   Under the revision of 1879, a justice of the peace has jurisdiction to entertain a counter-claim in behalf of a defendant to the extent of giving an affirmative judgment for the excess of his claim over plaintiff's demand.

2. ———: CONSTRUCTION : SUBJECT-MATTER V. PROCEDURE.   Whether jurisdiction of a certain procedure is intended to be conferred, should be ascertained by the ordinary rules of construction, though it may be that jurisdiction of subject-matter cannot be conferred on justices of the peace by implication.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Peak, Yeager & Ball,* for the appellant.

(1) The jurisdiction of justices' courts is defined and limited by the terms of the statute creating these courts, and they have no jurisdiction beyond what the statute expressly confers upon them. Where there is any doubt on the subject, the jurisdiction should be denied. *State ex rel. v. Hopkins,* 87 Mo. 519.  (2) A justice has no jurisdiction to entertain any counter-claim, or cross-action, on the part of a defendant, except such counter-claim comes within the statute of set-offs.   R. S. 1879, secs. 2916, 3867.  (3) A justice has no jurisdiction to entertain a counter-claim for unliqui-dated damages either in tort or for breach of contract. *Walker v. Lewendovoska,* 15 Mo. App. 581; *Flesh v.*

*Christopher*, 11 Mo. App. 489; *Emery v. Railroad*, 77 Mo. 339. (4) Defendant's answer did not pray any affirmative relief and will not, therefore, support a judgment in his favor. The motion in arrest should have been sustained for this, if for no other reason. R. S. 1879, sec. 3511; Bliss on Code Pleading (1879), sec. 165; *Wright v. Jacobs*, 61 Mo. 19. (5) The record shows a finding for the plaintiff for the full amount of his claim, and the court having no jurisdiction to entertain defendant's counter-claim for damages, judgment should be entered for plaintiff in this court on the finding made by the trial court. *Kinealy v. Mackin*, 2 Mo. App. 246.

*Karnes, Holmes & Krauthoff*, for the respondent.

(1) A casual examination of the following sections : 2850 to 2989 and 3060, Revised Statutes of 1879, will convince the court that the justice had authority to take cognizance of the defendant's counter-claim. (2) When the intent to confer jurisdiction is clearly deducible from the language employed by the legislature, such jurisdiction will not be denied. It is not for the judiciary to prescribe the formula in which the legislative intent should be expressed. *Postmaster General v. Early*, 12 Wheat. 136; *State v. Miller*, 23 Wis. 634; *Callan v. Trimble*, 7 Q. B. L. R. 416; *Chaney v. Railroad*, 18 Mo. App. 661; *Harris v. Hunt*, 3 S. W. Rep. 236 (April, 1889); *State v. Heath*, 56 Mo. 231; *State v. Dill*, 60 Mo. 433. (3) The word "counter-claim," as used in said new sections, means the statutory counter-claim; and we do not understand it to be denied that, if jurisdiction existed the matter pleaded constituted a valid statutory counter-claim. Under the authorities there can be no question on that point. *Gordon v. Bruner*, 49 Mo. 570; *Hay v. Short*, 49 Mo. 139; *Ritchie v. Hayward*, 71 Mo. 560; *St. Louis v. Bank*, 84 Mo. 56; *Challis v. Wyle*, 35 Kans. 506 ;

*Kamerick v. Castleman*, 21 Mo. App. 887; *Harlan v. Railroad*, 31 Minn. 427; *Griffin v. Moore*, 52 Ind. 595; Story on Bailments, secs. 33, 35. (4) Where jurisdiction over the subject-matter exists, the procedure for its exercise may be provided by implication, either by statutory recognition or as a necessary incident to the power granted. *Seaman v. Duryes*, 10 Barb. 523, 528 (11 N. Y. 324, 329); *Dubois v. Sands*, 43 Barb. 412, 415; *Stibbins v. Lathrop*, 4 Pick. 33, 42; *Hyland v. Baxter*, 98 N. Y. 610, 616. The question is fully discussed in 1 Woerner's Law of Administration, at pages 323, 340, in the light of the rule that they are courts of mere statutory and consequently of limited jurisdiction.

ELLISON, J.—This action is based on account for the board and care of a horse. It was begun before a justice of the peace, where plaintiff had judgment. On appeal to the circuit court defendant obtained judgment against plaintiff for the sum of $5.20 over and above plaintiff's demand. Defendant obtained this judgment on a counter-claim filed by him in which it was alleged that by the terms of an agreement between plaintiff and defendant, plaintiff was to take good care of said horse, treat him kindly, and not permit him to be driven or used or abused in any manner whatever. That defendant carelessly and negligently cared for the horse and so mistreated him that he was injured and damaged in the sum of fifty dollars. The court found for plaintiff in the sum of $24.80 on his account and for defendant in the sum of thirty dollars leaving a balance due defendant of $5.20, and judgment was entered for him for that amount.

Under the law relating to justices of the peace as it stood prior to the revision of 1879, now section 2850 of that revision, it seems that a justice of the peace had not the jurisdiction to entertain a counter-claim, at least to the extent of going beyond plaintiff's demand and

giving judgment for defendant for an amount in excess of plaintiff's claim. *Flesh v. Christopher*, 11 Mo. App. 489; *Walker v. Lewendovoska*, 15 Mo. App. 581; *Emery v. Railroad*, 77 Mo. 339. But the revision of 1879 contains the following new sections, viz.:

Section 2989. "*When plaintiff dismisses suit, defendant may prosecute counter-claim.*

"And in all cases where a counter-claim or set-off has been filed and the trial commenced before the plaintiff dismisses or withdraws his action, the defendant shall have the right to proceed with the trial of his claim, and if any sum be found in his favor he shall have judgment therefor with costs."

Section 3060. "*Pleadings may be amended when.*

"In all cases of appeal the bill of items of the account sued on, or filed as a counter-claim or set-off, or the statement of plaintiff's cause of action, or the defendant's counter-claim or set-off, or the other ground of defense filed before the justice, may be amended upon appeal in the appellate court to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment. Such amendment shall be allowed upon such terms as to costs, as the court may deem proper."

By these, in connection with section 2850, we are of the opinion that the legislature has intended to permit defendants to avail themselves of counter-claims before a justice of the peace in an amount and in a case where such justice would have jurisdiction were the defendant, as plaintiff, suing on the demand.

It will not be contended that a justice of the peace has not jurisdiction of the subject-matter of defendant's counter-claim. The question whether he shall be permitted to exercise such jurisdiction, in behalf of a defendant who presents his cause of action as a statutory

counter-claim, is a question rather of procedure than of conferring original jurisdiction. As to whether it is permitted as a matter of procedure, is not the same as if jurisdiction over the subject-matter was being conferred.

It is to the latter class of cases that the "back.tax" case of *State ex rel. Gordon v. Hopkins*, 87 Mo. 519, is applicable, where it is held that the jurisdiction cannot be conferred upon justices of the peace by implication, but must be by express enactment. Whether jurisdiction is conferred as to the former class of cases should be ascertained by the ordinary rules of construction. If, then, the legislative intention can be clearly gathered from the legislative expression, it should be applied and enforced. We think it clear, from the sections of the statute above quoted, that the legislature intended to allow a justice of the peace to entertain a counter-claim in behalf of a defendant to the extent of giving such defendant an affirmative judgment for the excess of his claim over plaintiff's demand. And we so hold.

The judgment, with the concurrence of SMITH, P. J., is affirmed; GILL, J., not sitting

*Rehearing denied, March 1, 1890.*