WILLIAM H. STRICKLAND, Respondent, v. GEORGE W. QUICK, Appellant.

Kansas City Court of Appeals, May 25, 1891.

1.  **Justices' Courts: PLEADING : STATEMENT.**  A statement set out in the opinion is *held* to fill every requirement in a suit before a justice of the peace.

Strickland v. Quick.

2. **Trial Practice**: GENERAL VERDICT: RULE AND EXCEPTION. The rule is that, where in an action instituted before a justice there are two counts in the statement, there should be a separate finding on each count, and a general verdict and judgment are improper; yet, where, as in this case, it plainly appears from the amount of the verdict the jury found on both counts the exact sum claimed in both, the verdict will not be disturbed, the error being harmless.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

*T. C. Dungan,* for appellant.

(1) Said complaint is insufficient, as in neither court does it state sufficient facts to constitute a cause of action. It is not stated that the wood sued for in first count was sold or delivered by plaintiff to defendant, nor is it stated in the second count that the wood was hauled or the cars loaded by plaintiff for defendant, nor does either count show the facts or manner in which the indebtedness arose. *Bowling v. McFarland,* 38 Mo. 465; *Langford v. Sanger,* 40 Mo. 164; *Butts v. Phelps,* 79 Mo. 302; *Hill v. Ore Co.,* 90 Mo. 106. (2) The verdict is erroneous. The jury should have found the amount due, if anything, upon each count of said complaint, and the cause of action therein stated. *Mooney v. Kennett,* 19 Mo. 551; *Clark's Adm'x v. Railroad,* 36 Mo. 215; *Pitts v. Fugate's Adm'x,* 41 Mo. 405; *Brownell v. Railroad,* 47 Mo. 243; *State ex rel. v. Dulle,* 45 Mo. 271; *Bricker v. Railroad,* 83 Mo. 391. (3) The judgment is erroneous, and is not supported by the record. There should be a separate judgment upon each cause of action stated; and a judgment in gross on two causes of action stated in two separate counts of one petition on complaint is erroneous. *Mooney v. Kennett,* 19 Mo. 554; *Clark v. Railroad,* 36 Mo. 215; *Saulsbury v. Alexander,* 50 Mo. 143.

*S. F. O'Fallon,* for respondent.

(1) The statement filed before the justice is sufficient under the statutes. It sets out clearly the facts constituting the cause of action, and plainly advises the defendant of the nature of the claim, and a recovery on it would be a bar to another action. This is all that is required in a statement before a justice of the peace. R. S. 1889, sec. 6138 ; *Razor v. Railroad,* 73 Mo. 471 ; *Meyer v. McCabe,* 73 Mo. 236 ; *Gregg v. Dunn,* 38 Mo. App. 283; *Butts v. Phelps,* 79 Mo. 302; *Quinn v. Stout,* 31 Mo. 160 ; *Sturdy v. Land & Cattle Co.,* 33 Mo. App. 44 ; *Armstrong v. Keleher,* 71 Mo. 492. ( 2 ) Even if there are two causes of action in plaintiff's statement, there was no error in the judgment and verdict. The rule applies to practice in the circuit court and not to justice's practice. The authorities cited by counsel for appellant do not apply to cases appealed from justice's court, except the case of *Bricker v. Railroad,* 83 Mo. 391, where the point was not raised by counsel, and the question was only briefly discussed by Commissioner MARTIN. Where the action arises in a justice's court, the pleadings are not required to be technical and formal ; a general verdict is good. R. S. 1889, secs. 6137, 6138, 6142, 6299 ; *Flesh v. Christopher,* 11 Mo. App. 483 ; *Soutier v. Kellerman,* 18 Mo. 509 ; *Loomis v. Railroad,* 17 Mo. App. 340 ; *Campbell v. King,* 32 Mo. App. 38.

GILL, J.—Plaintiff sued the defendant on the following statement filed before a justice of the peace: "Now comes the plaintiff and for cause of action states, the defendant is indebted to plaintiff for thirty cords of wood, sold and delivered to him, at $1.50, October 20, 1889, per cord, $45, for which he asks judgment with costs of suit.

"And plaintiff for further cause of action states that defendant is indebted to plaintiff for, September, 1889, hauling eleven cords of wood to Curzon's switch

at fifty cents per cord; $5.50 ; September, 1889, for load-
ing four cars with wood, at $1.50 per cord, $6; total,
$11.50, for which he asks judgment with costs of suit."
After trial before the justice and judgment there had
for the plaintiff, defendant appealed to the circuit court.
The cause was tried in the circuit court before a jury,
where a verdict and judgment was again had in plain-
tiff's favor for the full amount claimed, and defendant
has appealed to this court.

I.   Defendant's first point, to the effect that the
statement is insufficient, is wholly without merit.  Said
statement fills every requirement necessary in a suit
before a justice of the peace.   It sets out with all neces-
sary precision the facts constituting plaintiff's cause, or
causes, of action, advises defendant of just what the
plaintiff complains ; and any objection made thereto is
so very frivolous that further comment is unnecessary.

II.   The only other question raised by the appeal,
and which deserves notice, relates to the character of
the verdict and judgment.  It is claimed that—as the
statement is based on two separate causes of action, one
for wood sold and delivered, and the other for labor
done in hauling wood and loading cars—there should
have been a separate finding by the jury on each count,
whereas the jury made one general finding for both
counts.  Admitting now that in such actions as this
instituted before a justice there should be a separate
finding, and that a general verdict and judgment was
improper ( as we must under the decision of *Bricker v.
Railroad*, 83 Mo. 391 ), yet this was not such an error
as will result in reversing the case.  The reason at the
back of this rule is that unless there is a finding on
each count it cannot be determined how the jury found
on either count ; but here this reason loses its force,
since it plainly appears from the amount of the verdict
in this case that the jury found for the plaintiff on both
counts.  The amount claimed on the first count was
$45, while the sum claimed in the second count is $11.50,

and the verdict was for this exact sum, total, $56.50. It would then be following mere shadows to reverse this case, when the non-observance of this technical rule did not possibly do any harm to either litigant. *Flesh v. Christopher*, 11 Mo. App. 483. We have considered the other points made in defendant's brief, and find them all without merit.

There appears no valid reason for disturbing the judgment below, and it is, therefore, affirmed. All concur.