## Hess *against* Beekman.

IN ERROR, on *certiorari*, from a justice's court. *Beekman* brought an action against *Hess*, before the justice, on account of services performed. The defendant below pleaded " a former suit before the same justice, between the same parties, for the same cause of action, in which the merits of the plaintiff's demand had been fairly entered into, and investigated, and finally submitted to the said justice; who took four days for consideration, to give judgment; and that the said justice did, within that time, enter judgment, or ought so to have done."

To which the plaintiff below, admitting the facts in the said plea, as above stated, to be true, replied thereto, " that he did, within the four days, withdraw his former suit, and suffered judgment to be entered against himself for the costs."

It appeared, also, that the costs of the former suit had not been paid; and the defendant also objected to the recovery in the latter suit, on that ground.

The justice overruled the plea and objection, and gave judgment against the defendant below, for 16 dollars damages, and costs.

*Where there is a trial of a cause before a justice, without a jury, the plaintiff may elect to become nonsuit, any time before it is finally submitted for the judgment of the court; but not after the cause is under advisement, though before four days have elapsed.*

NEW YORK,
October, 1814.

HESS
v.
BEEKMAN.

*Per Curiam.* The statute directs that, when the parties are properly before him, the " justice shall proceed to hear and examine the allegations and proofs of the parties; and, within four days thereafter, give judgment thereon, with costs."

It is settled, that a plaintiff may elect to become nonsuit in a justice's court, after a trial by jury, and before verdict, as in the higher courts. (*Platt* v. *Storer, 5 Johns. Rep.* 346.)

It is also settled, that the justice is *bound* to give judgment according to the verdict; and that a plea of a verdict in a former suit for the same cause, is a good defence, although no judgment was made on it. (*Felter* v. *Mulliner,* 2 *Johns. Rep.* 181. *Young* v. *Overacker,* 2 *Johns. Rep.* 191.)

In this case, there was no jury on the former trial; but " the merits were fairly entered into and investigated, and finally submitted to the justice."

It best comports with the spirit and policy of the statute, to hold the plaintiff below concluded in the former trial.

Where there is a trial without a jury, the plaintiff may elect to become nonsuit at any time before the cause is finally submitted to the justice : but after it is so submitted, the statute is *imperative,* that after hearing and examining the proofs and allegations, the justice, within four days, " shall give judgment thereon." During the four days, while the cause is under advisement, the justice ought to hold no communication with either of the parties. They are not in court for any purpose but to receive judgment. The maxim, *nemo bis debet vexari pro eadem causa,* is applicable here.

                                        Judgment reversed.