ALBANY,
August, 1815.

CLEMENTS
v.
BENJAMIN.

CLEMENTS *against* BENJAMIN AND ANOTHER.

IN ERROR, on *certiorari* to a justice's court.

The *certiorari*, in this case, was brought to reverse a judgment of nonsuit. The return did not set forth what the evidence before the justice was; but merely that after the plaintiff had closed the testimony on his part, and before the defendants had entered upon their defence, the plaintiff was nonsuited.

*Per Curiam.* There can be no doubt, but that it is within the province of a justice to nonsuit a plaintiff, when, in his opinion, the testimony offered does not support the action. And if, upon the return to a *certiorari*, the evidence offered would, in the opinion of this court, have supported the action, or was proper for the consideration of the jury, the judgment of nonsuit will be reversed. But the evidence not being returned in this case, we cannot say how far it supported the action. If the return was imperfect, it was the duty of the plaintiff in error to have procured a further return to be made. We have repeatedly said, that the error complained of ought to appear affirmatively, otherwise, we are to presume the judgment correct.

The justice acted correctly in setting aside the imperfect and unfinished examination of the plaintiff's witness. After the adjournment, for the purpose of his recovering from his indisposition, it was the plaintiff's duty to have him again in court, or assign some reason why he was not there. It was the right of the defendant to cross-examine him; and he had a right to presume that the plaintiff would have him in court for that purpose.

Judgment affirmed.

A justice, in a trial before him, may nonsuit the plaintiff, when, in his opinion, the testimony offered by him does not support the action.

On a return to a *certiorari*, the error complained of ought to appear affirmatively, otherwise the judgment of the justice will be presumed to be correct.

If the return is imperfect, or defective, the plaintiff in error ought to procure a further return.

Where a plaintiff's witness is in part examined, and then the cause is adjourned on account of his sickness, it is the duty of the plaintiff to produce the witness again at the day, or show some reason why the witness is not there; otherwise, the justice may reject the evidence given on his unfinished examination.