## OTIS J. PETERS *v.* ADDISON S. DIOSSY.

A plaintiff in the Marine or a justice's court, may be nonsuited on his own election, or by reason of incompetency or insufficiency of evidence.

In either case the nonsuit must be directed at the trial; or, *it seems*, when the cause is submitted to a jury, before the coming in of the verdict.

Such judgment of nonsuit is no bar to a second action.

Where the case has been submitted to the justice and he reserves his decision, it is no longer within the power of the plaintiff to submit to a nonsuit, nor of the justice to grant it.

If, after such submission and reservation, he gives judgment in favor of the defendant, in the form of a judgment of nonsuit, the same can nevertheless be pleaded in bar of a second action.

The return of a justice of the Marine or district court, should set forth—when the summons or process was returnable, the day issue was joined, the adjournments, if any, the date of the trial, and the day whereon judgment was rendered.

THIS action was brought in the Marine Court to recover damages for unlawfully detaining personal property. Without making reference to any summons or process in the cause, or mentioning the date of the appearance of the parties, or the day of the trial, the return, which was not dated, simply set forth the pleadings and testimony, and stated that no evidence was introduced by the defendant; "that thereupon on the first of September last past," the justice rendered judgment for the defendant; and that a notice of appeal was served and the costs paid by the plaintiff, on the 20th of September, 1853.

The evidence of title to the property was defective. On the argument of the appeal, the plaintiff alleged that he had been surprised on the trial by a rejection of testimony, and had thereupon stated to the justice that he would submit to a nonsuit. It was, therefore, urged on his behalf, that the judgment as rendered should be set aside, in order that a new action might be commenced.

*James McGay*, for the plaintiff.

*A. S. Diossy*, defendant, in person.

Daly, J.—The plaintiff, upon failing in his proof, has the right to elect to be nonsuited, in a justice's court, or the justice upon the trial has a right to nonsuit the plaintiff, if, in his judgment, he fails, upon his own showing, to make out his case, either on the ground of the incompetency or the insufficiency of his evidence ; and a judgment of the nonsuit in such a case is no bar to another action for the same cause. (*Bennel* v. *Hull,* 10 Johns. 364 ; *Clements* v. *Benjamin,* 12 Johns. 299 ; *Hess* v. *Beekman,* 11 Johns. 457). But whether the plaintiff elect to be nonsuited, or a nonsuit be granted by the justice, it must be done at the trial, or if a jury is called before the coming in of the verdict. If the cause is submitted to the justice, and he take time to make up his judgment, the cause is then *sub judice* upon the merits, and it is no longer in the power of the plaintiff to submit to a nonsuit, or of the justice to grant it (*Elwell* v. *McQueen,* 10 Wend. 521 ; *Hess* v. *Beekman,* 11 Johns. 457), and were he under such circumstances to render a judgment of nonsuit, it would be treated and might be pleaded as a bar to a second action.

In this case it is impossible to say what was done. It is usual, and should be required in a justice's return, for the justice to set forth the return of the summons, the day when the parties appeared and when issue was joined, the adjournment if any and the day when judgment was entered. But nothing appears by the return except that the plaintiff rested, that no evidence was introduced by the defendant, whereupon, on the 1st day of September last past, judgment was rendered for the defendant ; but whether the 1st day of September was the day of the trial or a day subsequent, is not stated. It is impossible, therefore, for us to say anything except that a judgment for the defendant being given, we must presume that it was given upon and after submission.

It is not material to pass upon the question whether the plaintiff was entitled to ask the witness as to the declaration of Van Allan respecting the writing in question, for admitting that the testimony was competent to prove the assignment from Van Allan, it was still but a link in the chain of the plaintiff's

title. He offered no other evidence, so had this evidence been admitted, he would still have been unable to proceed with his case. We can do nothing, therefore, but affirm this judgment, which will not conclude the rights of the parties under the agreement, inasmuch as it would be no bar to an action of replevin or claim and delivery after the demand of the property.

Judgment affirmed.