## JAMES KANE and wife *v.* JEANNIE DULEX.

The Marine Court of the city of New York must render judgment within four days after a cause is finally submitted, or it loses jurisdiction; and a judgment rendered after the lapse of the four days will be reversed. (*a*)

*It seems*, that where the case is tried by a jury, and a verdict for the defendant has been rendered, the omission of the court to render judgment thereon will not deprive him of the benefit of the verdict in his favor.

Such verdict may be pleaded by him in bar of another action, although no judgment is entered thereon.

The plaintiff, in such case, cannot, after verdict, elect to be nonsuited, and then maintain another action for the same cause.

THIS cause was tried in the Marine Court, by a judge without a jury, and came up to this court upon a notice served by the defendant, specifying, among other grounds of appeal, that the trial was on the 5th of December, 1853, and that no decision was made until the 14th of the same month, when a judgment was entered for the plaintiffs.

*Joseph Husson*, for the defendant. Ten days elapsed between the trial and when judgment was given. The judgment should have been rendered within four days after trial, pursuant to the statute. (Laws of the state of New York relative to the city, p. 484 § 122.) The Code does not profess to repeal any act not inconsistent with it. The limit, four days after the trial, within which the Marine Court must give their decision, is not inconsistent with any part of the Code applicable to that court. When the legislature has spoken, even in a matter of practice,

(*a*) The amendatory act of April 7, 1857, appears to have left the law unchanged in this respect.—REP.

the courts have no discretion. *(Seymour* v. *Judd,* 2 Comst. 464.)

*William H. Stogdill,* for the plaintiffs, insisted that the statutory provisions requiring cases to be decided, in some cases, within four days after trial, had no present application to the Marine Court.

By the Court. Woodruff, J.—By the 122d section of the act to reduce, etc., relating to the city of New York (see 2 Rev. L. 386), it is provided that the justices of the court (now known as the Marine Court) shall give judgment within four days after hearing the proofs and allegations of the parties. The provisions of the acts regulating trials before a justice of the peace (1 Rev. L. 388, and 2 Rev. Stat. [24]) are to the like effect—and so, also, is the act in relation to the assistant justices in the city of New York. (2 Rev. L. 371, § 87.)

This requirement of the statute has often been held to be imperative, and although where a jury has been called, and a verdict has been had, the plaintiff cannot submit to a nonsuit, and so avoid the effect of the verdict; and although, if no judgment is rendered within the four days, the verdict will nevertheless be available to the party in whose favor it was rendered as a bar to another action, yet I apprehend that after the lapse of four days, the power of the court below to render any judgment in the action is gone. During the four days " the parties are not in court for any purpose but to receive judgment" (*Hess* v. *Beekman,* 11 Johns. 457), and after those days have passed, the power to render judgment has ceased.

It has often been held that an unauthorized adjournment operates as a discontinuance (1 Johns. cases, 101–2 ; 3 Caines, 171 ; 2 J. R. 192 ; 7 J. R. 381), and although the delay beyond the four days will not deprive the party of the benefit of any verdict he may have obtained, its effect upon the power of the court to proceed therein is similar. (See *Elwell* v. *McMeon,* 10 Wend. 521 ; *Hess* v. *Beekman,* 11 J. R. 457.)

I think the judgment may well be questioned upon other

grounds, but the objection above considered, if well taken, is sufficient.

I regret that the respondent's counsel, if the statute in question has been altered, has not given us some reference to its modification, or to some case in support of his suggestion, that the Marine Court is not bound to render judgment within four days. Under my present views, the judgment cannot be upheld, and must therefore be reversed.

Judgment reversed.