RUSSELL C. SMITH, Respondent, *v.* MARY McMILLAN, Appellant.

*Former adjudication — a justice of the peace must- nonsuit at. or before the time when the case is finally submitted — a judgment of nonsuit entered subsequently is a decision upon the merits.*

A justice of the peace has no power to enter a judgment of nonsuit four days after the final submission of the case; if after the case is submitted he takes the four days allowed him by the statute for his decision and then enters a judgment, which he describes as a nonsuit, it is in fact a judgment upon the merits, and as such is a bar to a second action by the plaintiff against the defendant for the same cause.

HERRICK, J., dissenting.

APPEAL by the defendant, Mary McMillan, from a judgment of the County Court of Washington county, entered in the office of the clerk of the county of Washington on the 8th day of June, 1895, upon the verdict of a jury.

The action was originally commenced in the Court of a Justice of the Peace, where judgment was rendered for the defendant.

*Fred A. Bratt,* for the appellant.

*J. M. Whitman,* for the respondent.

PUTNAM, J.:

We are of the opinion that the court below should have granted the motion of defendant, made at the close of the trial, to dismiss the complaint on the ground that in a former action brought by the plaintiff against the defendant for the same injury alleged in the complaint herein, defendant recovered a judgment on the merits against the plaintiff.

It was not denied by the respondent that he had in 1893 brought an action before one Burpee, a justice of the peace, for the same trespass for which he seeks now to recover. The proceedings in that action as set out in the docket of the justice were read, and it appeared that the parties appeared therein and joined issue, that witnesses were sworn, and the case was tried before said Burpee. After the evidence was taken the attorneys for the respective parties summed up and the case was submitted to the justice on December 16, 1893, he taking the customary time in which to render his decision.

On December 20, 1893, he entered up judgment — as he termed it — of nonsuit against the plaintiff, with five dollars costs.

We think this was in fact a judgment on the merits, although called by the justice a judgment of nonsuit. In *Elwell* v. *M'Queen* (10 Wend. 519) it was held that " a justice at the trial has a right to nonsuit the plaintiff if, in his judgment, he fails upon his own showing to make out his case, either on the ground of the incompetency or the insufficiency of his evidence; and a judgment of nonsuit in such a case is no bar to another action for the same cause. But if the cause be submitted to the justice after hearing proof, and he takes time to make up his judgment, it is not then in the power of the justice to nonsuit the plaintiff; his determination is equivalent to the verdict of a jury and a judgment thereon; and though he may call his judgment a judgment of nonsuit, and enter it accordingly, it will be deemed in law a judgment for the defendant, and will be a bar to a subsequent action."

The same doctrine has been held in other cases. (See *Hess* v. *Beekman*, 11 Johns. 457; *Gillilan* v. *Spratt*, 8 Abb. [N. S.] 13; *Peters* v. *Diossy*, 3 E. D. Smith, 115; *Blum* v. *Hartman*, 3 Daly, 47.)

The learned counsel for the respondent calls our attention to the case of *Seaman* v. *Ward* (1 Hilt. 52), in which DALY, J., holds that a motion for a nonsuit having been made before a justice, and the decision reserved by him, he could, after the submission of the case, render a judgment of nonsuit that would not be a bar to subsequent action; and the counsel urges that as on the trial of the former action before Burpee a motion for nonsuit was made by defendant, and the decision reserved, said justice was authorized, after the submission, to render a judgment of nonsuit.

The statement of DALY, J., in *Seaman* v. *Ward* (*supra*), that a justice who reserves his decision on a motion for a nonsuit can render a judgment of nonsuit after the case is finally submitted to him, merely expresses the opinion of the learned justice, was not called for in the decision of that case, and, I think, is contrary to the doctrine laid down in *Elwell* v. *M'Queen* (*supra*).

The motion for a nonsuit on the trial before Burpee was made at the close of plaintiff's evidence, and was not renewed. Afterwards the defendant swore a witness, and the attorneys of the respective

parties summed up, and the justice took the customary time in which to render his decision. When the justice reserved his decision on the motion for a nonsuit he must be deemed to have made such reservation until the close of the trial. Under the provisions of section 3015 of the Code of Civil Procedure, he was only authorized to enter a judgment of nonsuit at or before the final submission of the case. That section says he shall enter a judgment of nonsuit "forthwith." He had no right under the statute to render such a judgment against plaintiff four days after the submission of the cause. When he reserved his decision, as above suggested, he must be understood to have made such reservation for the period during which, under the statute, he was authorized to render a judgment of nonsuit, and he cannot render such a judgment after the final submission.

We think, therefore, that the doctrine laid down in *Elwell* v. *M'Queen* (*supra*) applies.

Judgment should be reversed, with costs in this court, and judgment of nonsuit rendered in favor of defendant in the action, with costs.

MAYHAM, P. J., concurred; HERRICK, J., dissented.

Judgment reversed, with costs and disbursements of this appeal, and judgment of nonsuit rendered, with costs.