ment. December 2, 1895.) Action by Charles H. Schwarz against Long Island City. No opinion. Judgment affirmed, with costs. All concur.

SHERMAN, Respondent, v. FOSTER et al., Appellants. (Supreme Court, General Term, Third Department. December 3, 1895.) Action by Arthur W. Sherman against Charles A. Foster and others. No opinion. Judgment affirmed, with costs.

SIMONS, Appellant, v. CITY OF BROOKLYN, Respondent. (Supreme Court, Appellate Division, Second Department. January 21, 1896.) Action by Matilda A. Simons against the city of Brooklyn. No opinion. Judgment affirmed, with costs, on the authority of Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80, and Mertz v. City of Brooklyn, 128 N. Y. 617, 28 N. E. 253. All concur, except BROWN, P. J., not sitting.

SIMPSON v. KLING. (Supreme Court, General Term, First Department. December 18, 1895.) Action by Thomas Simpson against Abram Kling. No opinion. Motion denied, with $10 costs. See 35 N. Y. Supp. 1117.

SINGLETON, Respondent, v. PRUDENTIAL INS. CO., Appellant. (Supreme Court, General Term, Third Department. December 3, 1895.) Action by Annie Singleton against Prudential Insurance Company. No opinion. Order affirmed, with costs and disbursements.

SMITH, Respondent, v. McMILLAN, Appellant. (Supreme Court, Appellate Division, Third Department. January 20, 1896.) Action by Russell C. Smith against Mary McMillan. No opinion. Motion denied, with $10 costs and disbursements. See 36 N. Y. Supp. 24.

SMITH v. SMITH. (Supreme Court, General Term, Third Department. December 28, 1895.) Action by Sarah C. Smith against John B. Smith. No opinion. Decision amended so as to read: "Judgment appealed from, in so far as it denies a divorce to plaintiff, affirmed; and in so far as it grants it to defendant with costs and disbursements, reversed. The judgment, as so modified, affirmed, without costs to either party upon the trial in the court below, and without costs of this appeal to either party."

SMITH, Respondent, v. SMITH, et al., Appellants. (Supreme Court, Appellate Division, Third Department. January 20, 1896.) Action by Nathan C. Smith against Lyman J. Smith and E. L. Johnson. No opinion. Motion denied, with $10 costs and disbursements.

In re SNYDER. (Supreme Court, Appellate Division, Second Department. January 14, 1896.) In the matter of final judicial settlement of the accounts of Garrett B. Snyder as executor of the last will and testament of Edward J. Strout, deceased. No opinion. Motion to dismiss the appeal denied, without costs. All concur.

SPAN et al., Respondents, v. ERIE BOATMEN'S TRANSP. CO., Limited, Appellant. (Superior Court of Buffalo, General Term. December 23, 1895.) Action by Otto G. Span and another against the Erie Boatmen's Transportation Company, Limited. No opinion. Judgment appealed from affirmed, with costs. HATCH, J., does not sit in this case. See 33 N. Y. Supp. 566.

SPEIR v. LITTLE. (Supreme Court, General Term, Second Department. December 2, 1895.) Action by S. Fleet Speir against Frank Little. Niles & Johnson (Wm. W. Niles, of counsel), for appellant. Walter C. Low (Albert E. Lamb, of counsel), for respondent.

DYKMAN, J. This is an appeal from a judgment entered upon the report of a referee. The action is for an accounting. Both parties to the suit are physicians, and the defendant went into the service of the plaintiff in May, 1883, under an agreement to aid the plaintiff in his practice. The first agreement was in writing, and prescribed the salary of the defendant, and provided for his disbursements; but that agreement was modified at different times. The complaint charged the defendant with attending to patients outside of his practice and retaining the money received therefor in violation of his agreement. The answer of the defendant to that charge was that such practice, and the retention of the money received therefor, was in pursuance of an agreement with the plaintiff. Upon that issue the parties went to trial, and it was decided against the plaintiff. The defendant supported his position by his own testimony, and by evidence of other witnesses, and by many corroborative circumstances. The plaintiff, in his testimony, confirms much of the defendant's evidence, and the statements rendered by the latter to the firm, and his acquiescence in them, is quite corroborative of the theory of the defendant. In a case like this, involving questions of fact only, where the testimony is plain, it is seldom necessary to recapitulate or analyze the evidence. The referee has made full findings, and we find, upon a careful examination of the case, that they are well sustained by the proof. Judgment should be affirmed, with costs. BROWN, P. J., concurs. PRATT, J., not voting.

STANDEN v. NEW ROCHELLE WATER CO. (Supreme Court, Appellate Division, Second Department. January 14, 1896.) Action by Elizabeth G. Standen against the New Rochelle Water Company. No opinion. Motion denied, with $10 costs. All concur, except HATCH, J., not voting. See 36 N. Y. Supp. 92.

STANGE, Respondent, v. PRUDENTIAL LIFE INS. CO., Appellant. (Common Pleas of New York City and County, Additional General Term. December 16, 1895.) Action by Lena Stange, as administratrix, against the Prudential Life Insurance Company. William O. Campbell, for appellant. William F. Bowne, for respondent. No opinion. Judgment reversed; new trial ordered; costs to appellant to abide event.