### HENNING v. ·ROTHSCHILD.

(Supreme Court, Appellate Term. February 25, 1901.)

NEGLIGENCE—COLLISION ON HIGHWAY.

Where plaintiff, in a suit for damages resulting from a collision, was proceeding north on the track of a railway, he was not bound to anticipate that defendant, coming south, would make a sharp turn at the north crossing of an intersecting street, instead of proceeding a few feet closer to the southerly crossing, which would have avoided the collision, and could not be said to have been guilty of contributory negligence as a matter of law.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action for damages by Charles Henning against Jacob Rothschild. From a judgment of nonsuit, plaintiff appeals. Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

George C. Coffin, for appellant.

Charles H. Brush (John J. Crawford, of counsel), for respondent.

O'GORMAN, J. The plaintiff was only required to exercise an amount of care commensurate with the apparent danger, and, in proceeding forward after the passage of the car on the up track, he was not bound to anticipate that a vehicle going south would make a sharp turn at the north crossing, the point where the collision occurred. Negligence will not be imputed to a party merely because he regulates his conduct upon the assumption that the other party will conduct himself with reasonable care. If the defendant acted with ordinary prudence, he would not have made the turn in question until he proceeded several feet closer to the southerly crossing, and, in that event, the collision would be avoided. Generally the question of contributory negligence is one of fact to be determined by the jury, and is within the province of the court only where the inference of plaintiff's negligence is certain and incontrovertible. Kettle v. Turl, 162 N. Y. 255, 56 N. E. 626. We therefore think the court erred in granting defendant's motion for a nonsuit, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.