(70 App. Div. 362.)

## WELCH v. SYRACUSE RAPID TRANSIT RY. CO.

(Supreme Court, Appellate Division, Fourth Department.    March 11, 1902.)

1. STREET RAILROADS—REPAIR OF STREET—MUNICIPAL RESOLUTIONS—ADMISSIBILITY.

Railroad Law, § 98, requires a street railroad corporation to keep in permanent repair the portion of streets between its tracks and two feet in width outside its tracks, under the supervision of the proper local authorities, and whenever required by them to do so, and in such manner as they may prescribe. Syracuse City Charter, § 30, authorizes the mayor and council to regulate and repair highways and streets; and section 138 empowers the council to repair pavements, and assess abutting property owners therefor. *Held*, that a resolution of the council, approved by the mayor, empowering a paving company to take up the pavement laid by a street railroad company, and repave the street and keep it in repair in accordance with the city's specifications, is admissible in evidence in an action against the railroad company for injuries sustained by a passenger in stepping into a hole in the pavement on alighting from its cars, as showing that the company was relieved from the obligation of keeping in repair such portion of the street.

2. SAME—STREET RAILROAD COMPANY'S NEGLIGENCE.

In such case the resolution was admissible on the question of the street railroad company's negligence, though it were not relieved of its obligation to keep the street in repair by the city's action.

Spring and Hiscock, JJ., dissenting.

Appeal from trial term, Onondaga county.

Action by Annie Welch against the Syracuse Rapid Transit Railway Company for injuries alleged to have been caused through defendant's negligence. From a judgment in favor of plaintiff, and an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Charles E. Spencer, for appellant.
M. E. Driscoll, for respondent.

McLENNAN, J.   On the 30th day of April, 1899, and for several years prior, the defendant was engaged in operating a street surface railroad in the city of Syracuse, N. Y.   On Warren street, which extends north and south, there were two tracks; and the defendant was accustomed to cause its cars going in either direction upon that street to stop just south of its intersection with Genesee street, to permit passengers to enter or alight from the same.   At that point, on the westerly side of the street, about 12 feet south of the south crosswalk on Genesee street, there was a hole or depression in the asphalt with which the street was paved, which had existed for several months.   It was 4 feet 6 inches long; its greatest width, 1 foot 5 inches; and its greatest depth, 3 inches.   The edges were beveled and somewhat ragged.   The inner edge was 1 foot 5 inches from the outer or westerly rail of defendant's track.   About 1 o'clock in the afternoon of the day in question, the plaintiff, who had taken passage in another part of the city upon one of defendant's open cars, along the side of which there was a running board to enable

passengers to get on or off, attempted to leave the car at the place described; and in doing so stepped from the running board into the depression, without observing it, in such manner that her ankle was broken, and she was thrown to the ground. To recover damages for the injuries thus sustained, this action was brought.

Two theories were presented to the jury by the learned trial justice, either of which, they were instructed, might be made the basis of a recovery against the defendant, according as they found the facts: First, that by statute (section 98 of the railroad law) the duty was imposed upon the defendant of maintaining the street "two feet in width outside of its tracks" in a reasonably safe condition, and if the place where the plaintiff stepped in alighting from the car, and which caused her to fall, was within that space and was dangerous, the defendant was chargeable with negligence for having neglected to repair the defect in the pavement; second, that if the jury should find, as they might upon the evidence, that the plaintiff stepped into the hole at a point outside of the two-feet strip, if it was dangerous, the defendant was chargeable with negligence for having stopped its car opposite such place for the purpose of letting plaintiff off, without adopting some means to prevent her from stepping into the hole in question.

To meet the first proposition, the defendant offered in evidence a resolution adopted by the common council of the city of Syracuse on the 22d day of April, 1895, duly approved by the mayor, by which permission was given to the Asphaltina Company of America to take up the pavement then laid on Warren street, on the westerly side of defendant's railroad, between Genesee and Washington streets, and at its own expense to repave the same with asphaltina, and to keep the same in repair for five years, to be done in accordance with plans and specifications of the city engineer, and subject to the approval of the commissioner of public works of the city. Prior to the adoption of the resolution the space between defendant's tracks and a strip 2 feet wide outside of the westerly rail, which included the place in question, was paved with sandstone blocks. Pursuant to the resolution, and under the direction and supervision of the commissioner of public works, the two-feet strip of sandstone pavement was removed by the Asphaltina Company, and it, with the rest of the street west of defendant's tracks, was paved with asphaltina. This was done without cost to the defendant, and, so far as appears, without notice to it by the city, although it had knowledge that a change in the pavement had been made, and the manner in which it was done. From the time the change was made, so far as appears, the defendant did nothing to keep the strip of pavement next to the outside or westerly rail of its track in Warren street in repair, and in no manner interfered with it. The resolution was excluded, and the defendant duly excepted. It is urged on the part of the appellant that by the resolution which was offered in evidence, and in view of what was done pursuant to it under the direction of the city, the defendant was relieved from all obligation imposed by section 98 of the railroad law to keep the two-feet strip west of its westerly rail properly paved or in repair for

the period of five years, or at least until the city had notified the defendant to again assume the responsibility of keeping the same in repair; that the city, as it had a right to do, had assumed exclusive control over such pavement; and that, under the circumstances, the defendant had no right to in any manner interfere with it for the period of five years, during which the Asphaltina Company, in consideration of being permitted to lay the pavement, agreed to keep it in repair. It is evident the purpose of the resolution was to enable the asphaltina pavement to be tested, to ascertain its durability and wearing qualities; and it is apparent, if the defendant or any other corporation could make repairs at will, such test would be useless, and of no practical benefit either to the Asphaltina Company or to the city. By the charter of the city of Syracuse (section 30) the mayor and common council are given authority to lay out, make, open, regulate, repair, and improve highways and streets; and by section 138 the common council is given authority to order the construction and repair of pavements, and defray the expenses thereof by assessment upon the abutting property owners. Section 98 of the railroad law does not in any manner deprive the city authorities of any of the powers conferred upon them by the charter, but, on the contrary, by its terms, provides that a railroad corporation occupying the streets of a city shall keep in permanent repair the portion of the streets between its tracks and two feet in width outside of its tracks, "under the supervision of the proper local authorities and whenever required by them to do so, and in such manner as they may prescribe." The statute expressly reserves to the local authorities the right of control over any and all portions of the streets,—that between and adjacent to the tracks as well as to any other part. The city of Syracuse had the right, acting through its officers or through any other agency, to do with the pavement in question precisely as it saw fit, provided it did not unnecessarily and improperly interfere with the rights of the defendant. It had the right to withdraw from the defendant the power to in any manner interfere with the pavement upon Warren street, or to relieve it from the duty imposed by statute, provided other means were adopted which would better or equally well protect the interests and rights of the public. So far as appears, at the time the resolution in question was adopted, the pavement upon Warren street adjacent to defendant's tracks was in perfect repair. The defendant had fully performed the obligation imposed upon it by statute. The city—we must assume, for a legitimate and useful purpose—ordered such pavement to be removed, directed that another kind be laid in its place by a party in no manner connected with the defendant, and directed that such party have control of it and be responsible for its condition for a period of five years. By such action on the part of the city the defendant was relieved from the obligation during that time of keeping in repair the portion of the street in question. In Snell v. Railway Co., 64 Hun, 476, 19 N. Y. Supp. 476, it was held that the defendant was not liable for the dangerous condition of the street between its tracks, arising from the defective condition of a sewer which had been constructed under the

authority of the city. The resolution was competent as bearing upon the question of defendant's negligence, even if it was not relieved of its obligation to keep the street in repair by reason of the city's action in the premises. It is apparent that the comparatively slight depression in question would not impress the defendant as being dangerous so forcibly when it knew or had reason to believe that the municipality, through the Asphaltina Company, had assumed responsibility for its repair, and did not so consider it. The defendant had a right, in determining whether or not the defect was dangerous, to take into consideration the fact that the city authorities had taken control of the street, and to assume that they did not regard it as being in a dangerous condition, because of the fact that they had taken no steps to repair or cause the same to be repaired. The jury was entitled to have before it any and all facts which would influence the conduct of a person of ordinary care and prudence in the premises. It had a right to say not only whether the defendant was negligent in permitting the defect described to exist in the street, as an independent proposition, but also to say whether it was negligent in so doing, in view of the fact that by the resolution which was offered in evidence the city had contracted with the Asphaltina Company that that company, and not the defendant, should keep such street in repair, under the direction and supervision of the municipal officers.

We think the exclusion of the resolution was error, and that it was of such substance as to require the reversal of the judgment. It is impossible to say from the record upon which of the theories presented by the learned trial court the jury found the defendant guilty of negligence. The evidence was conflicting as to whether or not the plaintiff stepped into the hole outside or inside of the two-feet strip. If the jury found that she stepped inside, it was instructed, as we have seen, that it might find the defendant guilty of negligence because it failed to discharge the duty imposed upon it by the section of the railroad law referred to, and, for aught that appears, that was the basis of the verdict rendered. The resolution should have been received in evidence, at least for the purpose of enabling the jury to say whether or not, in view of it and under all the circumstances, the defendant, through its agents, was negligent in not determining that the defect in the street was dangerous, and in not repairing it.

Having reached the conclusion that the exclusion of the resolution offered by the defendant constitutes reversible error, we deem it unnecessary to determine whether the defect in the pavement, assuming that the city of Syracuse was responsible for it, was of such a character as to charge the defendant with negligence because it stopped its car at that place to permit the plaintiff to alight therefrom. It follows that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment and order reversed upon questions of law only,—the facts having been examined, and no error found therein,—and new trial ordered, with costs to the appellant to abide event.

WILLIAMS and DAVY, JJ., concur.

SPRING, J. (dissenting).    By section 98 of the railroad law the duty of keeping "in permanent repair" that part of the street between the rails of its tracks "and two feet in width outside of its tracks" is imposed upon the defendant.    This is a mandatory obligation resting upon the defendant, in consideration of its privilege to use the street, and is for the benefit of the public.    In the language of the court in Conway v. City of Rochester, 157 N. Y. 33, 38, 51 N. E. 395, 396:

"The duty of keeping such portion of the streets in permanent repair is not suggested or advised, but is commanded.    So much of the statute certainly is mandatory.    *   *   *    The municipal authorities are given no authority to relieve the railroad corporation of the whole or any portion of the needed repairs, or to impose the whole or any portion of the cost upon the abutting owners or the city at large."

To be sure, this reparation must be done under the supervision of the municipal authorities.    The dominion of the city arises from the exigency of the situation.    The land occupied by the defendant is part of the street of the city, and, unless the city retain supervision over it, the defendant might use different material or construct in a different manner its part of the street from the residue thereof; and it is essential, therefore, that the determination of what material is to enter into any repairs made, and the manner of doing the work, shall be vested in the city authorities, but the expense is chargeable to the defendant.    The owner of a city lot is obliged to construct and keep in repair the sidewalk in front of his premises, but the material to be used and the method of performing the labor are within the control of the municipal authorities.    I take it that the owner is liable to a person injured by falling upon a defective sidewalk in front of such owner's premises, providing the defect had been of long standing, even though the city had not interfered or required the defective condition to be remedied.    In 1895 the Asphaltina Company put in the pavement on this street pursuant to an agreement authorized by the common council of the city.    By the agreement the Asphaltina Company was to keep this pavement in repair for five years.    The defendant, of course, knew of the condition of the pavement, and acquiesced in the change made in it in 1895.    The Asphaltina Company is liable for failure to comply with its contract, we may assume; but that does not absolve either the city or the defendant from complying with the duty of keeping the street in repair, and which is a matter of vital concern to those using the street.    The burden was imposed upon the defendant to remedy the defect, and it cannot shield itself from liability to its passenger because the Asphaltina Company or the city is responsible for this defect, as well as it.    It may be it has redress against the city, as the city may have against the owner of a lot who neglects to keep his sidewalk in repair, whereby injury has resulted; but the person injured—one of the public—is not obliged to investigate the relations between any of these parties.    He can base his claim upon the recovery arising because of the violation of the statute.    Nor is it necessary for the city first to notify the defendant to repair, before the obligation becomes fixed.    City of Brooklyn v. Brooklyn City R. Co., 47 N. Y. 475, 7 Am. Rep. 469; Doyle v. City of New York,

75 N.Y.S.—12

58 App. Div. 588, 69 N. Y. Supp. 120; Simon v. Railway Co., 29 Misc. Rep. 126, 60 N. Y. Supp. 251. The duty is imperative, as the primary one imposed upon the defendant; and, if a defect exists which would render the city liable to respond in damages because of it, the street railroad company, which has appropriated the street for its purposes, is likewise liable, perforce the statute, even though by its contractual relations with the city the latter may be compelled to indemnify it. The duty is imposed originally upon the city to maintain and keep in repair its streets. The statute, without relieving the city, attached the burden as to a definite part of the street on the railroad company using it. If the latter is relieved from liability to a traveler injured by reason of a defect in its part because the city let a contract to a paving company to construct and maintain the pavement, then the city may also be relieved. Upon proper notice to the defendant, such an agreement might be made at any time, as the control of the street is vested in the municipality. If it is done with the knowledge and acquiescence of the defendant, the resulting liability of the latter is the same. This pavement had existed for four years prior to this accident, and, so far as appears, there was no outcry against it by the defendant. The argument is made that the pavement for which the present was substituted was adequate. It is too late now to raise that question, when it did not seek to prevent the repairs made, and for four years has acquiesced without a murmur. The time to resist was when its pavement was being removed, for the municipal authorities could not remove it arbitrarily.

The plaintiff was a passenger on the defendant's car, which was an open one, with a running board to enable the passengers to get on and off. At the place where the car was in the habit of stopping, there was a hole in the pavement about four feet and six inches long; one foot five inches in width, and three inches in depth in its deepest part. No warning was given to the plaintiff or to any of the passengers as to the existence of this hole, and the plaintiff stepped from the car into it, unaware of its existence, and was injured. I think the verdict of the jury that the defendant was negligent in permitting its car to stop at this place for passengers to alight, without apprising them of the situation, is supported by the facts, and upon that verdict, as matter of law, the defendant is liable. Wolf v. Railroad Co., 67 App. Div. 605, 74 N. Y. Supp. 336.

The judgment and order should be affirmed, with costs.

·HISCOCK, J., concurs.