(Supreme Court, Special Term, Erie County. December, 1906.)

1. CARRIERS—INJURIES TO PASSENGER—EVIDENCE—SUFFICIENCY.

In an action against a street railway for injuries to a passenger, owing to her having stepped into a hole in a street when alighting from a car, the facts *held* to sustain a finding that defendant was negligent.

2. MUNICIPAL CORPORATIONS—DEFECTS IN STREET—INJURIES—EVIDENCE—SUFFICIENCY.

In an action against a city for injuries to one who stepped into a hole in a street, evidence *held* to sustain a finding that defendant was negligent.

3. APPEAL—REVIEW—QUESTIONS OF FACT—FINDINGS BY COURT.

Where, in a cause tried to the court without a jury evidence was heard on behalf of both parties, though it appeared by the return on appeal that the court rendered a judgment of "nonsuit," it must be treated on appeal as a judgment on both the law and the facts, as if rendered on the verdict of a jury.

4. CARRIERS—INJURIES TO PASSENGER—EVIDENCE—ADMISSIBILITY.

In an action against a city and a street railway company for injuries sustained by plaintiff owing to her having stepped into a hole in the street on alighting from a car, it was not error to exclude the testimony

of a witness that conductors on former occasions had warned her to look out for the hole.

Appeal from Municipal Court of Buffalo.

Action by Mary Miller against the International Railway Company and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Stephen V. O'Gorman, for appellant.

Dana L. Spring, for International Ry. Co.

John W. Ryan, for City of Buffalo.

WHEELER, J. This action was brought to recover for personal injuries sustained by the plaintiff in alighting from a street car of the International Railway Company, near the corner of Fillmore avenue and East Utica street, in the city of Buffalo. This accident in question occurred in the nighttime. It appeared from the evidence that at the point in question Fillmore avenue had been paved with asphalt, but that the asphalt had become broken, so that a hole existed in the pavement, perhaps 15 feet in length by some 5 or 6 feet in width. The hole in question appears by the evidence to have been of varying depth —in its deepest part perhaps from 3 to 4 inches. It began about 12 inches from the rail of the railway track, and ran generally parallel to it. The broken pavement at this point left an uneven surface at the edge of the hole, and the plaintiff's testimony was to the effect that on alighting from the car she stepped upon this uneven surface or edge of the hole, that it caused her foot to turn, and she was thrown down, spraining her ankle and otherwise bruising and laming her limbs and back, so as to confine her to her bed and house for some weeks. It also appears from the testimony that this hole in the pavement had existed for a year or so, probably growing larger and deeper from the action of the elements and the ordinary travel on the street. The plaintiff complains that the railway company was negligent in two particulars: First, in neglecting to maintain the street pavement in proper condition within two feet of its tracks, as required by law; and, second, in inviting the plaintiff to alight from its car at a dangerous place without giving her warning as to the danger. The plaintiff also seeks to charge the city of Buffalo with liability for the accident for its alleged neglect to keep the pavement of the street in proper repair. The action was tried before the Municipal Court. At the close of the plaintiff's case, each defendant moved for a nonsuit. The motion was denied by the court. The defendants then introduced the evidence in their behalf and rested, and counsel for each renewed the motion for a nonsuit. The motion was denied by the court, and final decision of the case reserved. By the return it appears the court subsequently "rendered a judgment of nonsuit in favor of the defendants and against the plaintiff, dismissing the complaint."

The hole in question had existed so long that I think from that fact a jury would have been justified in finding that the defendants had notice of its existence. Whether or not the hole was of such a character as to render it dangerous to the general public, and whether it was negligence on the part of the street railway company to stop its cars

and invite its passengers to alight at this particular point without first
warning them of the danger in so doing, were, in my opinion, ques-
tions of fact to be determined by the trial court from all the evidence
in the case. Welch v. Syracuse, 70 App. Div. 362, 75 N. Y. Supp.
173; Wolf v. Third Ave. R. R. Co., 67 App. Div. 605, 74 N. Y. Supp.
336. Had the trial court had the aid and assistance of a jury, I am
of the opinion it would have been necessary to have submitted to the
jury the question of the defendants' negligence; and, had the jury
passed on those questions, I am also of the opinion that the verdict
would not have been disturbed, whichever way the jury found. The
evidence was of such a character as to justify a finding either way.
In this case, however, the case was tried and disposed of by the trial
judge without a jury. He occupied the position of both judge and
jury.

This court, on appeal, must assume that in rendering its decision
the trial judge passed upon both the law and the facts and found ad-
versely to the plaintiff on the facts as well as the law. In other words,
that the trial judge held that the facts proven did not justify a finding
of negligence on the part of either defendant. I am aware that in
the return made on this appeal it is stated that a judgment of "nonsuit"
was rendered; but that makes no difference as to its legal effect, for,
if a cause be submitted to a justice, after hearing proof, and he takes
time to make up his judgment, it is not then in the power of the jus-
tice to nonsuit the plaintiff. His determination is equivalent to the
verdict of a jury and a judgment thereon, and, though he may call
his judgment a judgment of nonsuit, and enter it accordingly, it will
be deemed at law a judgment for the defendant, and will bar a subse-
quent action. Elwell v. McQueen, 10 Wend. 520; Hess v. Beekman,
11 Johns. 457; Smith v. McMellan, 90 Hun, 542, 36 N. Y. Supp. 24.

The judgment in this case, for the reasons stated, must be affirmed,
unless the record discloses that the trial court committed serious error
either in the admission or exclusion of evidence. The plaintiff con-
tends that such error was committed by the exclusion of the testimony
of Mrs. Kramer, a witness for the plaintiff, to the effect that other
car conductors on former occasions had warned her to "look out for
the hole." The record discloses that she was permitted on the trial
to testify to such conversations with other conductors, but that after-
wards the trial judge, having become convinced an error had been
committed in permitting the witness to so testify, struck out the testi-
mony. I think his final ruling was correct, upon authority of the cases
of Clark v. M. R. R. Co., 77 App. Div. 284, 79 N. Y. Supp. 220;
Taylor v. N. Y. C., 63 App. Div. 586, 71 N. Y. Supp. 884; White v.
L. & Y. F. Ry. Co., 94 App. Div. 4, 87 N. Y. Supp. 901; Goetz v.
Met. St. Ry. Co., 54 App. Div. 366, 66 N. Y. Supp. 666; Kay v. Met.
St. Ry. Co., 163 N. Y. 447, 57 N. E. 751. In the case of Chapman v.
Erie Railway Co., 55 N. Y. 579, relied on by plaintiff's counsel, the
conversation testified to and held admissible, for the purpose of estab-
lishing notice of the habits of an employé, was had with the division
superintendent. Notice to a superintendent is one thing, but notice

or knowledge by some conductor other than the one on the car at the time of the accident is quite another thing.    I think this distinguishes the case at bar, and that the ruling of the trial court was correct.

The judgment appealed from should be affirmed, with costs.