### EARLE v. PARDINGTON.

(Supreme Court, Appellate Term. May 7, 1909.)

HIGHWAYS (§ 184*)—USE FOR TRAVEL—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where plaintiff's automobile ran into the rear of defendant's automobile, which had stopped suddenly without warning only six feet ahead of plaintiff's, it was a question for the jury whether plaintiff was guilty of contributory negligence.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 184.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Henry M. Earle against Arthur R. Pardington. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

John Ingle, Jr. (George W. Olvany, of counsel), for appellant.
Bertrand L. Pettigrew, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. Plaintiff and defendant were each owners of an automobile. On May 9, 1908, defendant's automobile was followed at a considerable distance by that of plaintiff on a Long Island country road. The day was clear. At a certain point there was a rise in the road to meet a bridge, and defendant's car diminished its speed. Plaintiff's car followed suit, and blew its horn; but as the crest of the incline was reached defendant's car suddenly stopped (perhaps from lack of power, perhaps from some other cause), with plaintiff's car about six feet in its rear. Brakes were applied to plaintiff's car, but unavailingly, for a collision occurred, to the damage of plaintiff's machine $443.90, for which he sued, and to the damage of defendant's machine $136.25, for which he counterclaimed. The court, at the close of plaintiff's case, discharged the jury and dismissed the complaint, on the ground that plaintiff had not shown himself free from contributory negligence; defendant waiving his counterclaim, reserving his right thereto, should a new trial be granted.

It is undisputed that both parties were masters of the art of running their automobiles, and that plaintiff's was a 25 horse power machine. He claimed that by the custom of the road defendant, knowing that plaintiff's machine was not far in the rear, should have given a warning signal of an intention to stop on the bridge, either from volition or necessity; also that by turning about two feet more to one side· a sufficient space would have been left for plaintiff's machine to pass and escape the collision. In Kettle v. Turl, 162 .N. Y., at page 258, 56 N. E., at page 627, the court said:

"The cases are exceptional where it can be held that contributory negligence was so conclusively established that nothing was left, either of inference or of fact, to be determined by a jury."

This principle applies as well to freedom from negligence. The exceptional feature of this case is that two experienced automobilists should each charge negligence against the other, a rare, though proper, opportunity ·for the delectation and wisdom of a jury. We conclude that the dismissal of the complaint was error.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.