(67 Misc. Rep. 450.)

## USSIKER v. MAHONEY.

(Supreme Court, Appellate Term. May 17, 1910.)

1. BILLS AND NOTES (§ 525*)—ACTION—EVIDENCE—BONA FIDE HOLDER.

In an action on a note, evidence *held* to justify the court in finding that plaintiff was not an innocent holder for value, but was in connivance with the payee and a broker, who received usury thereon.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1832–1839; Dec. Dig. § 525.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—PROCEDURE—"SUBMITTED."

Under Municipal Court Act (Laws 1902, c. 580) § 248, permitting a voluntary nonsuit before the action has been finally submitted, the action was not "submitted" at the close of the rebuttal testimony, there being no entry in the minutes, either that both sides rested, or that plaintiff finally rested, and a motion for nonsuit at that time was proper.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*

For other definitions, see Words and Phrases, vol. 7, pp. 6719, 6720.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Irving J. Ussiker against William H. Mahoney. From a judgment for defendant after trial before the court without a jury, plaintiff appeals. Reversed, and complaint dismissed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Goldstein & Goldstein, for appellant.
Bogart & Bogart, for respondent.


BIJUR, J. The action was brought against defendant, a city policeman, on his demand note for $50, made October 21, 1909, to the order of one Minnie Hoffman. For this he received a loan of $50 in the form of her check, dated October 20, 1909. He cashed the check in company with one Seiff, a loan broker, who received $12 commission.

Plaintiff testifies that he bought the note for $50, about December 5th, 6th, or 7th. The defense is usury. Plaintiff claims to have met Minnie Hoffman quite casually at the bank, and to have then bought the note. He admits that he had had some previous business with Seiff, the broker. At the conclusion of the testimony, namely, of the rebuttal (there being no entry in the minutes, either that both sides rested, or that plaintiff finally rested), plaintiff asked to be allowed a nonsuit. The judge refused this, on the theory that the case, under section 248 of the Municipal Court act (Laws 1902, c. 580), had already been "submitted" to him, and thereupon gave judgment for the defendant.

If the refusal to allow the nonsuit was correct, the judge was warranted in believing that the plaintiff was not an innocent holder for value, but was in connivance with Minnie Hoffman and Seiff, thus making the note usurious. The authorities do not define the word "submitted," so far as it may refer to a judge sitting without a jury. One case, at least, indicates that it means after the judge has reserved his decision and taken the case under advisement; the court significantly adding

that while the case "is under advisement" the judge should not consult with either of the parties. Hess v. Beekman, 11 Johns. 457. See, also, Gillilan v. Spratt, 3 Daly, 440; Peters v. Diossy, 3 E. D. Smith, 115; Elwell v. McQueen, 10 Wend. 520, 521; 14 Cyc. 403.

In view of the condition of the record at bar, it cannot fairly be said. under any interpretation, that the "action has been finally submitted."

Therefore the judgment is reversed, with costs of the appeal to the plaintiff, and the complaint dismissed, without prejudice to a new action, with $5 costs to defendant. All concur.