STEEL-DRAKE BAKING CO. v. H. C. & A. I. PIERCY CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department. October 7, 1910.)

1. MUNICIPAL CORPORATIONS (§ 706*)—COLLISION OF TEAMS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Evidence in an action for collision of defendant's team with that of plaintiff *held* to warrant a finding of absence of contributory negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

2. MUNICIPAL CORPORATIONS (§ 705*)—DRIVING TEAMS ON STREET—CARE REQUIRED.

One has a right to drive his team on the assumption that every other driver, in approaching a busy corner, will observe due care.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. § 705.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from Municipal Court of New York.

Action by the Steel-Drake Baking Company against the H. C. & A. I. Piercy Contracting Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

Irving W. Teeple, for appellant.
Charles C. Brainerd, for respondent.

WOODWARD, J. The plaintiff has a judgment, entered on the verdict of a jury in the Municipal Court, for $327, damages sustained by its horse in a collision with a wagon of defendant, at the junction of Water and Roosevelt streets, borough of Manhattan, on January 13, 1909.

It is not seriously contended on this appeal that the defendant was not guilty of negligence in driving a heavily loaded truck down a steep grade at a trot approaching this busy street intersection; but it is urged that plaintiff was guilty of contributory negligence as matter of law, in that its driver could or should have seen the approaching vehicle in time to have avoided the accident by stopping. We are of opinion that the evidence was sufficient to permit the case to go to the jury upon this point, and that we are not called upon to interfere.

Plaintiff's driver testified that he was prevented from seeing the approaching team until it was quite near him, owing to an obstruction; that when he did see the team approaching at a rapid rate he stopped as quickly as he could; that his horse was hard-bitted, and did not stop promptly. He was driving upon a walk, following another vehicle; and, while it may seem probable that he might have stopped his horse soon enough to have avoided the collision, it is to be remembered that the jury heard all of the testimony, that they are familiar with the location, and that the plaintiff's driver had a right to drive his rig on the assumption that every other driver, in approaching a busy street intersection, would observe due care.

The judgment appealed from should be affirmed, with costs. All concur.