(71 Misc. Rep. 110.)

## BROWN v. MATHEWSON.

(Delaware County Court.    February, 1911.)

1. JUDGMENT (§ 713*)—RES JUDICATA—QUESTIONS DETERMINED.
    A judgment of a court of competent jurisdiction is final, not only as to matters actually determined, but as to all matters which might have been litigated in the cause.
        [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1234–1241; Dec. Dig. § 713.*]

2. JUSTICES OF THE PEACE (§ 130*)—RES JUDICATA—NONSUIT.
    A judgment of nonsuit in an action before a justice is a bar to a subsequent action between the same parties; it appearing from the records that defendant's liability for the acts of her husband, the principal issue, was litigated on the merits, and the motion for nonsuit was made at the close of all the evidence.
        [Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 130;* Judgment, Cent. Dig. §§ 989, 1153.]

Appeal from Justice Court.

Action by Thomas Brown against Elizabeth Mathewson.    From a judgment of the justice's court in favor of plaintiff, defendant appeals.    Reversed.

Williams & Conlon, for appellant.
B. & C. B. Johnson, for respondent.

GRANT, J.    This action was commenced December 21, 1909, to recover the value of an old building, claimed to have been sold the defendant at $40 and the value of some hemlock logs valued at $12. The defense was a general denial and former adjudication in bar.

The defendant, who, with her husband, lived on a farm in the town of Colchester, purchased upon a contract by the defendant from C. E. Hulbert.    The building and logs in question were purchased by the defendant's husband; and the contention of the plaintiff was that, in making such purchase, the husband acted as the agent of the defendant.    Upon the trial, the plaintiff produced and swore a large number of witnesses, mainly upon the question of agency.    The defendant introduced in evidence the record of the former trial and rested, so that the only question for determination was whether the former suit was a bar to a recovery; and that is the only question raised upon this appeal.

The former suit was commenced November 3, 1909, by the same plaintiff against the same defendant, to recover upon the same cause

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of action. Upon the trial the plaintiff and Thomas Molyneaux were sworn as witnesses on the part of the plaintiff, and the defendant, Geo. R. Miller, and B. S. Paul were sworn as witnesses in behalf of the defendant. The witness Thomas Molyneaux was recalled by the plaintiff in rebuttal. At the close of the evidence, the "defendant moved for a nonsuit, that complaint be dismissed on the grounds that he has failed to establish a cause of action, and on all the evidence he is not entitled to recover." At this point it was stipulated that the justice have 10 days to decide, with the privilege to the attorneys to file briefs. Within 10 days the justice made the following decision:

"After going closely over the evidence in the above case, I find that the agency is not closely enough established between defendant and Mathew Mathewson to find damages in the case. The business done by Mathew Mathewson was done at a time when he had control of the property, and not after property came in charge of Elizabeth Mathewson. I accordingly grant nonsuit, without costs to either party; each party to pay their own costs.

"W. T. Austin, J. P."

[1] The rule is that a judgment or decree of a court, possessing competent jurisdiction, is not only final as to the matters actually determined, but as to every other matter which the parties might litigate in the cause and which might have been decided in it. Canfield v. Monger, 12 Johns. 347; Tuska v. O'Brien, 68 N. Y. 446. There is no question but that the justice upon the first trial possessed competent jurisdiction; neither is there any doubt but that the question as to the defendant's liability for the acts of her husband, not only could be, but actually was, litigated, as that was the principal, if not the only, dispute. The record introduced shows that question was litigated, and the decision of the justice clearly shows it was decided by him.

[2] It is claimed by the plaintiff that as the defendant's attorney at the close of the evidence moved for a nonsuit and a dismissal of the complaint, and the justice in deciding the case, after considering the same, granted the nonsuit, the case was not tried upon the merits; hence such suit is not a bar to a second suit for the same cause of action. The particular form of the verdict or judgment will not vary its effect. 2 Cowen's Treatise, § 1160; Felter v. Mulliner, 2 Johns. 181. In other words, if the case was tried and decided upon its merits, the fact that the justice granted a nonsuit, instead of rendering a judgment, will not change its effect. It was his duty to render judgment, and the defendant cannot be prejudiced because he granted a nonsuit instead. Hess v. Beekman, 11 Johns. 457; Smith v. McMillan, 90 Hun, 542, 36 N. Y. Supp. 24.

In Smith v. McMillan, supra, a decision was held to be a judgment upon the merits, although called by the justice a judgment of nonsuit, and was held to be a bar to a second recovery. This case seems to be directly in point, and overrules the case of Seaman v. Ward, 1 Hilt. 52, cited and relied upon by the plaintiff. In my opinion the former suit was tried and determined upon its merits, hence is a complete defense and a bar to a recovery in this action; and for that reason the judgment of the justice herein should be reversed, with costs, and an order may be entered accordingly.

Judgment reversed.