(84 Misc. Rep. 110)

### YANZ v. GRAD.

. (Supreme Court, Special Term, Erie County.   January, 1914.)

APPEAL AND ERROR (§ 1008*)—REVIEW—FINDINGS OF COURT.

Where an action for an injury caused by plaintiff's motorcycle colliding with defendant's automobile was tried by the court without a jury, the granting of a nonsuit was in effect findings of fact that defendant was not negligent, or else that there was contributory negligence, and the fact that the court held "as a matter of law" that the nonsuit should be granted did not change the nature of the findings, since the law must be predicated upon the facts, and hence the court on appeal will not disturb the findings; the evidence not being so clearly against them as to preclude them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3955–3960, 3962–3969; Dec. Dig. § 1008.*]

Appeal from City Court of Buffalo.

Action by Harry Yanz, an infant, by guardian, etc., against John Grad. From a judgment for plaintiff, defendant appeals. Affirmed.

Clifford J. Chipman, of Buffalo, for appellant.
Edward T. Durand, of Buffalo, for respondent.

WHEELER, J. This action was brought to recover for personal injuries received in a collision between an automobile operated by the defendant, and a motorcycle ridden by the plaintiff. At the close of the plaintiff's case the court below granted the defendant's motion for a nonsuit, and an appeal is taken from the judgment entered on that ruling.

The evidence shows that the plaintiff was riding his motorcycle, and going over a viaduct in Bailey avenue near Broadway, in the city of Buffalo. The defendant driving an automobile was ahead and proceeding southerly. The plaintiff was following on his motorcycle about 28 or 30 feet behind. The plaintiff testified that the car, without any warning, slackened its speed and turned to the left; that the plaintiff then attempted to pass the car, and his cycle was crowded in to-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

wards the curb; that he had no opportunity to pass, and ran into the running board of the car, was thrown to the ground, and received the injuries for which he sues.

The plaintiff testified that both he and the car were moving at the rate of about 8 or 10 miles an hour. Another witness called for the plaintiff testified they were running at a *"pretty high gait."* The force of the collision was such, in any event, as to turn up the running board of the car, break the forks of the motorcycle and smash the machine. It is not claimed the plaintiff gave warning to the driver of the automobile that he was behind or intended to pass. That, in outline, is the case presented to the trial court.

The trial court granted the defendant's motion for a nonsuit. The motion was made on the ground that the plaintiff was guilty of contributory negligence, and the plaintiff had failed to show negligence on the part of the defendant. In disposing of the motion, the judge said:

"I think, as a matter of law, I will have to grant the motion for a nonsuit."

It will be noted that the record does not disclose whether the court granted the motion on the ground of a failure to show negligence on the part of the defendant, or on the ground that it appeared to its satisfaction the plaintiff was guilty of contributory negligence.

In nearly every case of collision between vehicles on public streets, the questions of negligence and of contributory negligence resolve themselves into questions of fact, to be determined from the circumstances of the case. Steel-Drake Baking Co. v. Piercy Contracting Co., 140 App. Div. 113, 124 N. Y. Supp. 1107; Henning v. Rothschild, 34 Misc. Rep. 773, 68 N. Y. Supp. 840; Earle v. Pardington, 116 N. Y. Supp. 675. The most that can be claimed for the case as made is that it presented questions of fact to be determined from the evidence, as to both the defendant's negligence and the plaintiff's contributory negligence. Very often the fact of negligence is one of inference to be drawn from undisputed evidence, and where a jury is sitting to pass on facts, the question must then be submitted to them for their decision.

In this case, had there been a jury impaneled to try the case, doubtless it would have been the duty of the presiding judge to have submitted to the jury, as questions of fact for their determination, whether, upon the evidence given, the defendant was negligent, and the plaintiff free from negligence. In this case, however, there was no jury called. The decisions of all questions of fact, as well as of law, rested with the trial judge. He has held the plaintiff failed to make out a case, and nonsuited him. He must therefore have found from the evidence either that defendant was free from negligence, or that the plaintiff was guilty of contributory negligence, either of which would preclude a recovery. The trial judge necessarily must have found the fact or facts on which he predicated his ruling from the evidence given. This court, on appeal, should not disturb the findings of the court below on the facts, unless the evidence is of such a clear and decisive character as to preclude the findings made. We are unable to so hold on the evidence presented by this record.

It is urged that the return shows that the court held *"as a matter of law"* the nonsuit should be granted. But the law must be predicated

on the facts; and, where the trial judge sits without a jury, it must be presumed he found the necessary facts as the basis of his law, and the fact that he uses the expression quoted does not change the nature or effect of his determination.   Miller v. International Ry. Co., 52 Misc. Rep. 347, 102 N. Y. Supp. 254, and cases there cited, to wit: Elwell v. McQueen, 10 Wend. 520; Hess v. Beekman, 11 Johns. 457; Smith v. McMillan, 90 Hun, 542, 36 N. Y. Supp. 24.

The judgment appealed from should be affirmed, with costs of appeal.

So ordered.